## IVY v. UNITED STATES.

### No. 8000.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1936.

Wade H. Creekmore, of Jackson, Miss., for appellant.

C. L. Dawson, Atty., Department of Justice, of Washington, D. C., Lester G. Fant, U. S. Atty., of Holly Springs, Miss., and L. A. Lawlor, Atty., Department of Justice, of Washington, D. C., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the named beneficiary in a war risk insurance policy for $10,000 issued on the life of her son, Jake Ivy. Alleging the issuance of the policy, that the insured became totally and permanently disabled in 1919 while the policy was in force, that he died in 1923, that no payments have ever been made on account of the policy, and that she had presented and had obtained a disagreement as to and denial of her claim, appellant sued for the amount of the policy with interest from the death of the insured. The United States, pleading to the declaration, filed what it termed a "special plea of the statutes of limitation."[1] This plea in effect set up that plaintiff had no interest in disability, but only in death benefits; that her right to these was dependent upon claim being made for them by the insured or his personal representative, within the time allowed by law, and since neither had done so, plaintiff could not sue.

Plaintiff, demurring to this plea, asserted in effect that her right to sue for payments due after the insured's death while dependent upon proving total and permanent disability while the policy was in force, was a right accruing to her independent of suit by the insured or his personal representative for payments for disability; that failure of the insured or his personal representative to sue for the disability payments to which he would have been entitled could not affect her right to recover those payments which in law were hers.

The District Judge thought our case of United States v. Tarrer, 77 F.(2d) 423, established that: "The right to claim total and permanent disability under a contract of war risk insurance was a purely personal one, and one which could be asserted only by the insured or his personal representative." He sustained the government's plea and dismissed the action.

This appeal tests whether that was a right ruling.

Appellant, freely admitting that she may not recover except for payments accruing after the insured's death, vigorously affirms that her right to sue for these, while dependent of course upon her proof that the insured was totally and permanently disabled before the policy lapsed, is not at all dependent upon suit by the insured or his representative for the disability payments due prior to his death. She points to the admitted fact, that her suit was filed within the time limited for suing, as completely distinguishing this case from the Tarrer Case, where the suit was filed by the beneficiary after limitation had barred the claim. She insists that the Tarrer Case has been wholly misapprehended; that it does not at all decide what the District Judge took it as deciding. The Tarrer Case, appellant says, decided merely that the same limitation which barred suit by the insured or his personal representative for disability payments barred suit by a beneficiary for payments accruing after death. That the gist of that decision was that "the [limitation] amendment is not open to the construction that it was intended to bar rights accruing to the insured and at the same time leave without any limitation a suit by a beneficiary." That it did not hold that a suit timely filed by the beneficiary was barred merely because of the failure to join the personal representative of the insured. It held that the right of recovery of the beneficiary and that of the personal representative springs from the same contingency, the contingency of the occurrence of total and permanent disability while the policy was in force, and that the right of each to sue is subject to the same period of limitation.

Appellee's argument to the contrary goes upon the theory that the right of the

[1] "That the plaintiff, Lillie Ivy, had no vested interest in this contract of war risk term insurance sued upon at the time of lapse for nonpayment of premiums due September 1, 1919, for the reason that any right or interest she has in this contract of insurance is derived from and through the insured or his personal representative, and the personal representative not being a party to this suit, and not having filed a claim in the Veterans' Administration prior to July 3, 1931, as required by Section 19 of the World War Veterans' Act of 1924 as amended, 38 U.S.C.A. § 445, this plaintiff ought not to be allowed to maintain this suit. All of which the defendant is ready to verify."

beneficiary to death benefits is a right wholly dependent upon and derived only through the recovery of judgment for disability benefits in an action brought by the insured or his personal representative, and that when this right to recover for payments accruing before death has been lost by failure to timely sue for them, the beneficiary's right to payments accruing after death is barred too.

It is conceded by appellee that if the personal representative of the insured had filed claim and had joined in bringing the action the suit would have been timely filed as to both claims. It is conceded too, that if in such suit jointly maintained the ground of action, the occurrence of total and permanent disability while the policy was in force had been established, the personal representative would have been entitled to judgment for payments accruing before, the beneficiary for those accruing after, death. It is insisted, though, that for failure to join the personal representative the beneficiary's suit must fail. Appellee's position, in short, is that though styled a plea of limitation, this is really not its nature. That it goes to the right of plaintiff to sue independently of the personal representative of the insured. In effect this amounts to the claim that plaintiff's suit is for benefits accruing after death, and that such a suit may not be maintained, unless there has first been, or there is in connection with it, a claim for an adjudication of total and permanent disability at the suit of the insured or his personal representative.

We do not think so. Nothing in the statutes, nothing in the decisions to which we have been pointed, lends support to this view. The statutes furnish direct authority for claims and suits by beneficiaries. While they do provide an opportunity to bring into the suit all persons having claims, nothing in the statutes or decisions lends support to the view that the right of one claimant depends upon, or is affected by, the filing or failure to file claims or suit by another. Indeed, the statutes contemplate that each claimant must make his own claim, must file his own suit. United States v. Primilton (C.C.A.) 76 F.(2d) 555. Nothing we said in the Tarrer Case at all supports appellee's view. We merely held there that the death of the insured was not, within the limitation statute, the happening of the contingency on which her claim was founded. That that contingency was the total and permanent disability of the insured while the policy was in force, and that no other or different limitation applied to her claim than applied to that of the insured or his personal representative. The confusion and error into which appellee and the court below fell may well have grown out of the failure to distinguish between the essential facts out of which the plaintiff's cause of action grew and her cause of action.

"A cause of action does not consist of facts, but of the unlawful violation of a right shown by the facts" Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 601, 71 L.Ed. 1069; "The same facts may manifest the violation of separate and distinct legal rights, each giving rise to a separate cause of action." Brooks v. Arkansas-Louisiana Pipe Line Co. (C.C.A.) 77 F.(2d) 965, 968.

Here the fact of the occurrence of total and permanent disability while the policy was in force, if established in a suit timely brought by the representative of the insured and his beneficiary, would have supported a judgment in favor of the former for payments accrued before the insured's death, and to one in favor of the latter for payments accruing afterwards. Nothing in the statutes or the decisions lends support to the view that because one of those causes of action was allowed to become barred, the other, though timely filed on, could not be sued. Plaintiff brought her suit in time; neither action nor inaction on the part of the representative of the insured ought to, nor do we think it could, affect her right to recover.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

SIBLEY, Circuit Judge (concurring).

The policy promising to pay its face in 240 monthly installments was maturable either by death of the insured or by his total and permanent disability while it was in force. In case total and permanent disability matures it, the insured himself is the beneficiary entitled to the installments which accrue during his life. It ceases to be insurance upon his life. His death thereafter operates only to shift the benefit of the matured policy to another beneficiary, who becomes entitled to the installments which accrue after the death. The new beneficiary does not take by inheritance from the insured, nor otherwise claim

as a successor of his right, but takes directly under the policy, just as a remainderman does not take under the life tenant but under the instrument which created the rights of both. The new beneficiary's right of action is founded upon the policy and not upon the right of the insured to collect installments during his· disability until death. The new beneficiary in asserting his right must prove the maturity of the policy while in force by the occurrence of total and permanent disability of the insured and that the latter died before ·the accrual of all of the installments. The unaccrued installments are his. He has as beneficiary nothing to do with installments which accrued before death. His independent claim arose and could be enforced only at the insured's death. That limitation may since have run against insured as to the installments owing to him is unimportant. The insured's estate is not interested in the new beneficiary's claim unless there be dispute as to the date of the insured's death. He need not be a party. No reason was set up in the plea of the United States why the claim of this beneficiary should not be paid if she proves her case.