## BLANTON v. UNITED STATES.

### No. 1099.

District Court, S. D. Alabama, N. D.

Dec. 17, 1936.

William R. Rountree, Jr., of Selma, Ala., for plaintiff.

Francis H. Inge, U. S. Atty., and Leo Pou, Asst. U. S. Atty., both of Mobile, Ala., for defendant.

McDUFFIE, District Judge.

In this case the beneficiary died in February, 1919, and the insured Goldsby died in September, 1920, leaving as his heirs, a father and two sisters.

The father, who had an interest in the estate of the insured, filed a claim for the insurance benefits on July 2, 1931. The plaintiff here, the administrator of the estate of Goldsby, filed no claim originally. He was appointed administrator October 7, 1932, and immediately joined the father in appealing from the Insurance Claims Counsel to the Board of Veterans' Appeals. The father's claim being at that time denied by the Insurance Claims Counsel, from which decision both the father and the administrator appealed. The administrator therefore became a party to the filing of a claim, before a disagreement was had.

The final denial was made to both the father and the administrator on November 16, 1932, and this suit was filed by the administrator on November 22, 1932.

The government has filed a motion to dismiss the suit on the grounds that there was not such a claim and disagreement as contemplated by the Congress and made prerequisite to filing suit.

The question presented, therefore, is whether the plaintiff administrator can maintain a suit on the policy, not having as administrator filed the original claim. Counsel for the government contend that since all of the insurance here involved, if payable, would and could only be paid directly to the administrator of the estate of the insured, that a claim filed by the father, even though he has an interest in the proceeds of the policy, which constitute the estate of the insured, does not meet the statutory requirement in filing a claim before suit is filed. This court finds itself unable to agree with this contention.

Congress, in the Act of 1930 amending section 19 of the World War Veterans' Act of 1924, defines a claim to be "any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator." 38 U.S.C.A. § 445. In this section it is also provided that all persons having or claiming to have an interest in the insurance may be joined in suits thereon.

The courts have declared that the purpose of filing of claim as prerequisite to suit on war risk policies is to give the government notice that claim is being made so it may make investigation and pay the amount due without being subjected to expense of litigation and any claim showing intention to claim insurance benefits answers such a purpose. United States v. Townsend (C.C.A.) 81 F.(2d) 1013. Ob-

viously, the purpose of the provision to join all interested parties is to avoid multiplicity of suits growing out of the same contract of insurance. Had the Congress intended that only the person to whom the insurance funds can be directly paid is the only person who may file a claim, it would have so provided. While the father in this case cannot maintain a suit, no act of Congress prevents him from filing a claim which was done within the limits of time for filing. In so doing, the purpose of filing claim as provided by Congress was carried out, in that the government was put on notice that a demand would be made for payment under the terms of the contract of insurance on which this suit is based.

Had the father or some one having an interest not made claim, doubtless the plaintiff could not maintain this suit, since he failed to file prior to July 3, 1931. As administrator or personal representative of the estate, he is interested only as such and acts as the agent of those who are the heirs of the insured, to collect for and pay to them the amounts coming into his hands.

While it is recognized that provisions of statutes permitting suits against the government must be strictly complied with, courts have held that in border line cases questions as to compliance with statutes, whenever possible, should be construed in favor of the claimant. It has also been held that an administrator may be substituted if found to be a necessary party to a suit on an insurance policy. Lopez Case (C.C.A.) 82 F.(2d) 982, and authorities cited. In the case here, had the father been the beneficiary, he could not have sued for the unpaid installments claimed to have fallen due prior to death of the insured, and it would have been necessary to make the administrator a party to this suit to receive them if payable without a filing of claim with the Bureau of Veterans' Affairs by the administrator.

Likewise, had the government after investigation decided to settle with parties personally interested, the Bureau would have required the appointment of an administrator before doing so, and no filing of a claim by such administrator would have been required. In other words, the administrator would have been substituted administratively by the government agency. If an administrator may be substituted for the purpose of settling on a policy by the Veterans' Bureau, and if the courts may make an administrator, where necessary, a party to a suit, I can see no reason in this case for a refusal to substitute the plaintiff administrator as the proper legal claimant. Such substitution would relate back to the filing of the claim by the father on July 2, 1931. When the administrator joined in the appeal to final authority in the Bureau at Washington, the claim filed by the father became the claim of the administrator, and the final denial to the father was a denial and legal disagreement with the plaintiff administrator.

The questions presented in the Primilton Case (C.C.A.) 76 F.(2d) 555, and Lillie Ivy v. U. S. (C.C.A.) 84 F.(2d) 37, are not directly involved here. In the Primilton Case no semblance of a claim was filed by the legal wife, and the court held the writing relied on by the putative wife was not in fact a claim.

In the Ivy Case the personal representative of the estate never filed a claim nor joined as a party to the suit. The right of the beneficiary to maintain her own claim and suit without the necessity of joining other parties in interest was emphasized by the court. The court did not hold that the administrator of the estate would not have been a proper party to the suit under the disagreement with the beneficiary, had there been any effort to join such as administrator.

The father in this case has an interest, even though it can only be asserted through an administrator of the estate in which he has a share. When the government denied his claim, it was a denial to all parties having an interest in the estate of the insured, regardless of how that interest may be asserted. It is impossible to treat the right of the several persons interested in the proceeds of the policy sued on here as different or as presenting different claims. All are claims under the same contract. If one is paid, all are paid, if one is denied, all are denied.

This court is of the opinion, regardless of whether the administrator as such joined in perfecting an appeal on the claim of the father, that the administrator, on a suit filed by the father, may be substituted as the legal claimant and proper party to sue. The government had notice, made its investigation and denied the claim, and cannot defend now on the ground that there is no claim and disagreement.

For the reasons assigned, the defendant's motion to dismiss is denied, and an exception is granted.