**COFFEY et al. v. UNITED STATES.**

**No. 6366.**

Circuit Court of Appeals, Seventh Circuit.

June 4, 1938.

Julius C. Martin, Director, Bureau of War Risk Litigation, and Young M. Smith, Atty., Department of Justice, both of Washington, D. C., Arthur Roe, U. S. Atty., of Vandalia, Ill., and J. Gregory Bruce, of Washington, D. C., for appellant.

Eugene Bland, of Shelbyville, Ill., and Edwin F. Meister, of Tuscola, Ill., for appellee.

Edward H. S. Martin, Joseph O. McKiernan, and Stephen A. Cross, all of Chicago, Ill., amici curiæ.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from a judgment of the District Court in favor of the plaintiff in a suit on a war risk term insurance policy. The insured, William M. Coffey, was inducted into military service of the United States on May 20, 1918, and was discharged therefrom on March 21, 1919. His contract of war risk term insurance expired on July 1, 1919, unless the insured became permanently and totally disabled prior thereto, as was alleged in plaintiff's complaint.

No claim for permanent total disability benefits under the insurance contract was filed prior to the insured's death on August 7, 1928. On May 17, 1929, Alice Coffey, mother of the insured and the designated beneficiary, filed a claim with the United States Veterans' Bureau. This claim was denied on November 7, 1931. Thereafter Alice Coffey was appointed administratrix of the estate of the deceased insured, and on May 31, 1932, she began this suit in both her individual capacity as beneficiary and in her representative capacity as administratrix.

Alice Coffey died on March 7, 1936, and on December 17, 1936, William W. Coffey, as executor of the will of Alice Coffey and as her successor administrator of the estate of the insured, moved to be substituted as plaintiff in each capacity. The government objected to the motion for substitution of William W. Coffey as plaintiff in the capacity of administrator of the estate of William M. Coffey, the deceased insured.

The District Court overruled the government's objection and ordered the substitution of William W. Coffey as plaintiff in the capacity of administrator of the estate of William M. Coffey.

The case went to trial and at the close of all the evidence each party moved for finding of facts and judgment in his favor. The court made a finding of facts, stated its conclusions of law thereon, and entered judgment in favor of the plaintiff.

The foregoing objection of the government to the substitution of William W. Coffey, administrator of the estate of the insured, depends for its validity upon the construction of certain language in Section 19 of the World War Veterans' Act of 1924, as amended July 3, 1930.[1] It is the govern-

ment's contention that Section 19 requires, as a jurisdictional prerequisite, that there be a claim filed with the United States Veterans' Bureau and a disagreement thereon; and it is the further contention of the government that, for jurisdictional purposes, the claim and disagreement thereon inure only to the claimant who actually files the claim. As applied to the facts of the instant case, the contention of the government is that the only claim filed which was the basis of a disagreement was the claim of Alice Coffey as beneficiary; and that, since no claim was ever filed for permanent total disability benefits by the insured or by anyone on behalf of his estate, Alice Coffey, as administratrix, could not be joined with Alice Coffey as beneficiary, and, consequently, William W. Coffey, as successor administrator, could not be substituted as plaintiff for Alice Coffey, administratrix. And this latter contention is made despite the express declaration in Section 19 that "all persons *having* or *claiming* to have an interest in *such insurance* may be made parties to such suit." (our italics)

▆ The government's contention presupposes that the "claim" which Section 19 contemplates is a *legal demand, an assertion of right,* which is required for the purpose of fixing the interests which can be litigated, in case of disagreement, and to designate the persons who may be parties to any litigation. But the term "claim" is defined in simple, untechnical language which prevents its being construed to be a legal demand in a technical sense. A "claim" may be "any writing" which alleges "permanent and total disability at a time when the contract of insurance was in force," or which "uses words showing an intention to claim insurance benefits." The term "claim," as

---

[1] Title 38 U.S.C.A. § 445.

The pertinent provisions of the Act are as follows:

(1) "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * *. All persons having or claiming to have an interest in such insurance may be made parties to such suit * * *."

(2) "No suit on yearly renewal term insurance shall be allowed under this section unless the same shall have been brought within * * *: Provided fur-

ther, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *"

(3) "The term 'claim,' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator. * * *"

thus defined, is merely the physical writing which furnishes the desired information and not an assertion of a legal right.

We quote with approval the following comment upon the purpose and effect of a "claim":[2] "The only purpose of requiring the filing of claim as a prerequisite to suit is to give notice to the government that claim is being made under the policy so that it may make investigation and pay any amount due claimant without being subjected to the trouble and expense of litigation; and any claim showing 'intention to claim insurance benefits' answers the purpose. Congress doubtless realized that many claims would be made by illiterate claimants without the advice and assistance of counsel, and intended that a claim either calling attention to total and permanent disability or showing an 'intention to claim insurance benefits' should be sufficient. It was no doubt to avoid such technical rulings as we are asked to make in this case that Congress embodied in the statute the broad provision which we have quoted." And we agree with the further statement from the above quoted opinion that "it would be carrying technicality to a ridiculous extreme to deny recovery, because of the difference between the claim as filed and the claim sued on."

In the instant case Alice Coffey filed a "claim" as beneficiary and after "disagreement" she commenced this action to recover insurance benefits both in her individual capacity as beneficiary and in her capacity as administratrix of the estate of the deceased insured. We are of the opinion that the right of recovery was not limited to insurance benefits of the beneficiary but included all insurance benefits under the contract of insurance; and Alice Coffey, administratrix, was a proper party to the suit even though the "claim" did not specify that Alice Coffey intended to claim estate insurance benefits. Since all that the Act requires as a "claim," in the first instance, is a writing which uses words that show "an intention to claim insurance benefits" we cannot justify limiting the scope of "an action on the claim" to the right to recover insurance benefits for the beneficiary only.

The first sentence in Section 19 does not state that "an action on the claim" can be brought only by the person who has filed the claim. And no language in Section 19 purports expressly to limit the right to commence an action to the person filing the claim, or to that person in the capacity in which he files the claim. But granting that one who has not filed a claim cannot commence an independent action on the claim, we cannot disregard the plain and unambiguous declaration that "all persons having or claiming to have an interest in such insurance may be made parties to such suit." The clear import of the foregoing language is that all persons who *have* an interest, whether they are claiming it or not, may be parties; and the *interest* which a party may have, or claim, is not limited to an interest which was specified in the "claim," but it need only be "an interest in such insurance." The language cannot be restricted to mean that only persons who have filed claims, which have been denied, and who have, or claim to have an interest in such claims "may be made parties to such suit." There is no justification for a forced and technical construction of the language of Sec. 19, when it is perfectly obvious from an inspection of the language throughout the Act that Congress has avoided the use of words which ordinarily would be susceptible to a technical construction.

Our construction and application of the pertinent provisions of Section 19 are in harmony with the recent decision in the case of United States v. Powell.[3] In that case the plaintiff had recovered in his capacity as administrator of the soldier and of the soldier's mother and father. It was contended on appeal that no recovery should have been allowed him as administrator of the father and mother (1) because no claim was filed in that capacity; and (2) because he was not joined as plaintiff in that capacity until the right to sue had been barred by the statute of limitations. The Fourth Circuit Court of Appeals decided adversely to the contention. We quote the following from the opinion in the Powell Case, page 791:

"We express no opinion as to the rule applicable where an amendment sought would bring in persons not beneficially interested either in the claim or in the suit which has been filed; but, where claim has been filed in behalf of the persons in whose interest suit has been brought, and where the only effect of the amendment is to change the capacity in which plaintiff sues in their behalf, and that only as to a part of the recovery sought, we feel that it would be

2 United States v. Townsend, 4 Cir., 81 F.2d 1013, 1014.

3 4 Cir., 93 F.2d 788.

an undue straining at technicality to hold that such amendment should be denied and that the portion of the claim which it covers be held barred by the statute of limitations. Certainly such a ruling would be out of harmony with the spirit of modern procedure. We adhere to our decision in the Lopez Case [Lopez v. U. S., 4 Cir., 82 F.2d 982]; and we think that it fully covers the situation here presented."

We hold that the District Court did not err in overruling the objections of the defendant to the motion for substitution as plaintiff of William W. Coffey, Administrator of the estate of William M. Coffey.

Also we are of the opinion that there was substantial evidence to support a finding of fact that the insured became totally and permanently disabled during the life of the insurance policy. Defendant concedes that "it is fairly to be inferred that the insured was afflicted with pulmonary tuberculosis during the period of insurance protection;" but insists that "it could hardly have been advanced beyond the incipient stage because it was uncontradicted that he had no lung trouble when he entered the Army; that his only illness during service was a six-day spell of influenza in February, 1919."

The insured was susceptible to colds before he entered military service and was suffering from a nose and throat affection when he entered the service. A short time before his discharge he was in the hospital with the "flu" and was confined to bed for two weeks; and was not well after that. When he returned home in March, 1919, he was pale, hollow-eyed, and was suffering from a "very noticeable dry, hacking cough." Two weeks after his return home "he took sick and was down," and "at that time he had a cough, headache, raised color, and had night sweats and pleurisy." He continued to have night sweats whenever he had a spell, which was about once a month, and when he had these spells he would be "laid up." When he tried to do only light work "he couldn't hold up under it."

In July or August of 1919 the insured underwent an operation for sinus trouble, and the doctor who performed the operation testified that at the time of the operation the insured was coughing and spitting up blood which "was not coming from his nose or sinus;" and that he suspected tuberculosis because of "the cough and the spitting up of blood and the labored breathing."

From the summer of 1919 to February, 1921, the insured consulted different doctors but his physical condition gradually grew worse; and after February, 1921, he made no effort to do any work. He slept in a fresh-air cottage from May, 1921, to January, 1922, when he entered a hospital. In May, 1921, a specialist found him suffering from "active tuberculosis." The specialist was of the opinion that his condition had existed for some time.

Prior to February, 1921, he did chores around the farm; but when he tried to do heavy work "he would have one of those bad spells and get worse." The evidence supports an inference of fact that from the time of his discharge in March, 1919, the insured was physically unable to perform the ordinary work about the farm and that any substantial physical exertion caused a collapse. There can be no doubt that for some indefinite period prior to February, 1921, the insured was totally and permanently disabled and that this condition continued until death. And we believe that there was substantial evidence respecting the insured's physical condition from the time that he suffered an attack of "flu" in February, 1919, to support the conclusion that he became totally and permanently disabled prior to March, 1919, and during the life of the insurance policy, and continued in such condition until his death.

The District Court did not err either in overruling the government's objection to the substitution of William W. Coffey, Administrator of the Estate of William M. Coffey, deceased, or in overruling its motion for judgment at the close of evidence.

The judgment of the District Court is Affirmed.