**UNITED STATES v. TATE.**

No. 4346.

Circuit Court of Appeals, Fourth Circuit.

Oct. 14, 1938.

Before NORTHCOTT and SOPER, Circuit Judges.

Marcus Erwin, U. S. Atty., of Asheville, N. C., and Julius C. Martin, Director, Bureau of War Risk Litigation, and Keith L. Seegmiller, Atty., Department of Justice, both of Washington, D. C., for the United States.

Stover P. Dunagan and W. C. McRorie, both of Rutherfordton, N. C., and R. Gregg Cherry, of Gastonia, N. C., for appellee.

PER CURIAM.

This suit was brought on a policy of War Risk insurance by the administrator of the soldier. The policy was issued to the soldier during his service in the United States Army between April 1, 1918 and April 6, 1919. The soldier became permanently and totally disabled during the life of the policy on or before May 30, 1919 when, except for the disability, the policy would have lapsed. He died on January 23, 1930. A claim for insurance benefits was filed by the administrator of his estate on June 29, 1931 but it was denied by the Veterans' Administration on December 31, 1931 on the ground that total and permanent disability while the contract was in force had not been established. Suit was brought on the policy by the administrator on January 2, 1932; a petition to be joined as party plaintiff was filed by the mother of the insured, the beneficiary named in the policy, on October 7, 1932, and the petition was granted by order of the District Court on December 2, 1932.

The jury found that the insured became totally disabled on May 30, 1919, and judgment was entered on the verdict whereby there was awarded to the administrator the monthly installments under the policy for the period from that date to January 23, 1930, the date of the death of the insured; and the installments of insurance thereafter accruing were awarded to the beneficiary. An exception was noted to the entry of the judgment, and during an extension of the term, the government filed a motion to vacate the judgment on the ground that the beneficiary· had failed to establish the existence of a disagreement as to her claim and had failed to institute her action within the period of limitations. The court denied the motion and an appeal was taken. Subsequently by stipulation the appeal was dismissed insofar as it related to· the judgment in favor of the administrator of the estate of the soldier.

Two questions were presented: (1) Whether the beneficiary, in the absence of a specific disagreement by the Veterans' Administration in regard to her claim, could be joined in a suit upon the contract which had been instituted in due time by the administrator of the estate; and (2) whether the suit of the beneficiary was barred by the limitation provisions in Section 19 of the World War Veterans' Act, because when she was joined as party plaintiff in the action, more than six years had elapsed since the accrual of the right upon which her claim was based and more than one year after July 3, 1930. See section 19, World War Veterans' Act 1924, as amended, 38 U.S.C.A. § 445; 38 U.S.C.A. § 445d.

Similar questions were presented to this court in the cases of United States v. Powell, 4 Cir., 93 F.2d 788 and Marsh v. United States, 4 Cir., 97 F.2d 327, and decided adversely to the government, and no effort was made by it to have either of the cases considered further. For the reasons given in these decisions, the judgment of the District Court in the instant case will be affirmed. See, also, Coffey v. United States, 7 Cir., 97 F.2d 762; Towery v. United States, 7 Cir., 97 F.2d 906. Cf. United States v. Tarrer, 5 Cir., 77 F.2d 423, 425; United States v. Knott, 6 Cir., 69 F.2d 907; Ivy, v. United States, 5 Cir., 84 F.2d 37, 39; United States v. Mills, 6 Cir., 91 F.2d 487, 489.

Affirmed.