## GOLDSBOROUGH (CLARK) v. UNITED STATES.

### No. 89718.

District Court of the United States for the District of Columbia.

March 2, 1939.

Rehearing Denied Jan. 4, 1940.

R. H. McNeill and C. L. Dawson, both of Washington, D. C., for plaintiff.

David A. Pine, U. S. Atty., and Allen Crenshaw and J. B. Costello, Department of Justice, all of Washington, D. C., for defendant.

LETTS, Associate Justice.

The only hypothesis upon which a recovery may be had in this case is that the brothers of the insured were the duly designated alternate beneficiaries of his insurance. The theory of plaintiff's case is that the second application was forced and so should not be taken as superseding the original application which named the broth-

ers as alternate beneficiaries. If the theory be warranted it must not be inconsistent with the agreed facts and must be logically necessary to effectuate the desire and intention of the insured.

■ I am persuaded that the insured clearly denoted his intention to make his foster mother the sole beneficiary of his insurance. This is evidenced by all that he did. His first application designated her as his primary beneficiary. He was advised by the bureau that she was ineligible since she was not within the permitted class. If the act of the insured, in making his second application, was forced it must be said that he was coerced by a correct statement of the law as applied to his application and this implies that he was induced to surrender his will and to substitute a designation of beneficiary which did not conform to his primary purpose. What he later did shows that he was not so influenced. He adhered to his original purpose with genuine tenacity. He recognized his foster mother as the natural and the proper person to receive and enjoy the benefits of his insurance. In making the second application he designated his estate as beneficiary. His letter which accompanied this application indicates that he had done so upon deliberation. He had taken counsel of his commanding officer and followed his advice. This letter shows that he was not thwarted in his purpose, but was persistent in his desire to have his foster mother receive the benefits of his insurance. He explains his reasons and expresses the belief that his wish in that regard will be realized through the administration of his estate. His letter discloses that he was not forgetful of his brothers and clearly shows that his definite purpose was to provide for his foster mother. From the letter it is apparent that he had in mind his last will, previously drawn, by which he sought to leave all his property to his foster mother, except for a small bequest to a church. In this letter, after making reference to his brothers by name he says " * * * but I much preferred making the beneficiary Miss Julia E. Clark because she took me to raise at 18 months of age at which time my mother died. In view of the fact that she would soon be dependent upon me I made her the beneficiary on first application." The quoted language leaves little to the imagination as to the insured's desire and intention.

The insured was not forced to omit the designation of his brothers in the second application. Since he had not forgotten them it must be assumed that he was deliberate in omitting their names. It is reasonable to believe that his second application, made under advice which he valued, more clearly indicates his intention than the first which was superseded. He had his brothers in mind when preparing the second application and when writing the letter which accompanied it. These brothers were within the permitted class, as the insured well knew. If it had been his wish to provide for these brothers he may well have allowed the original application to stand; but the contrary was true. His thought and concern was for his foster mother.

Congress later amended the applicable law by permitting the designation of a foster mother, so enlarging the permitted class and further by permitting the designation of the beneficiary through the medium of a last will. These amendments were made retroactive and related back to give full effect to his true, original and persistent intention to care for his foster mother. Horst v. United States, D.C., 283 F. 600; Schroeder v. United States et al., D.C., 24 F.2d 420.

■ This view of the facts leads to the conclusion that Julia E. Clark, the foster mother of the insured was the lawfully designated and sole beneficiary of the veteran's insurance, and upon her death on April 26, 1925, the estate of the insured became entitled to the value of the unpaid monthly installments under Section 303 of the World War Veterans' Act, 1924, as amended by the act of March 4, 1925, 38 U.S.C.A. § 514. To hold that Julia E. Clark, foster mother of the insured, was the only designated beneficiary carried the implication that the bureau improvidently made payment of various installments to the brothers of the insured. The claim of this plaintiff, administrator de bonis non cum testamento annexo, accrued to the estate of the insured upon the death of Julia E. Clark on April 26, 1925, and the limitations on suit contained in Section 19 of the World War Veterans Act, 1924, as amended July 3, 1930, 38 U.S.C.A. § 445, had expired before the first administrator of the estate of the insured, Fred R. Wallace, made claim for such benefits in the Veterans Administration in August, 1933.

It follows that this court lacks jurisdiction to hear and determine the cause and that the case should be dismissed for want of jurisdiction.

It is so ordered.

### On Rehearing.

Attention is first directed to the order of this court passed on the seventh day of December, 1939 substituting as party plaintiff, William Ernest Clark, administrator de bonis non cum testamento annexo of the estate of James E. Potts, deceased, in the place and stead of T. Alan Goldsborough, administrator de bonis non cum testamento annexo of James E. Potts, deceased, who has resigned.

In my memorandum opinion filed March 2, 1939, I held that plaintiff's right of action accrued on April 26, 1925 upon the death of Julia E. Clark, the veteran's foster mother. I then ruled that this action, filed December 28, 1937, was not timely brought and that the court lacked jurisdiction to hear and determine the issues presented.

The matter is again brought to my attention by plaintiff's motion for a rehearing on his motion for judgment. He suggests that even if I was right in reaching the conclusion that the insurance matured to the estate of the veteran as of April 26, 1925, it is a cause of action which accrued after the death of the veteran and that no claim could have been asserted in behalf of his estate until after the death of Julia E. Clark and that the limitation of the statute could not begin to run until an administrator was appointed with power to claim the insurance benefits.

It appears from the agreed statement of facts that the veteran died on March 9, 1918 and that his will was admitted to probate by the Orphans' Court of Baltimore City, Maryland, on April 26, 1918. The veteran did not in his will nominate an executor thereof, and it must be assumed that the Probate Court made no orders for the administration of the estate until it appointed Fred R. Wallace, administrator de bonis non cum testamento annexo. (The date of this appointment is not shown in the statement of facts; but I am advised in oral argument that the order of appointment passed in 1933 and prior to July 15th. of said year.) On July 15th, 1933 Wallace as administrator wrote a letter to the Veterans Bureau making inquiry as to insurance due the estate and on August 23rd, 1933 filed a formal claim therefor.

Plaintiff now contends that Section 19 of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. § 445, should be construed to be a statute of limitations and that so construed the statute was tolled until the appointment of Wallace as administrator of the veteran's estate in 1933. In support of his position he relies upon the rule that a cause of action which accrues after a decedent's death is not complete and does not arise and exist so that a statute of limitations can begin to run upon it until an administrator is appointed who can bring suit. A statement of this principle will be found in 24 Corpus Juris, Section 1915.

I recognize the correctness of this rule in its proper application, but do not agree that it is controlling as applied to the jurisdictional question here. The statute involved is not merely one of limitations but in a more important aspect grants the consent of the United States to be sued. Since the sovereign may not otherwise be sued consent when given is not absolute but is subject to all conditions imposed by Congress. Happily the statute considered has been construed and its meaning made clear. Such construction finds it the intention of Congress to put a time limitation upon the institution of suit. United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678. In the opinion the statute is described as one of repose. It was intended to prescribe a uniform rule of limitation for suits on contracts of war risk insurance.

The language of the statute is construed to confer but one right, to benefit payments, and but one critical contingency which conditions that right, namely, the occurrence of permanent total disability or death while the policy remains in force. In the opinion it is said that all other contingencies, which condition actual payment of the benefits to one person or another, are of minor importance and not likely to be the subject of disagreement with the Veterans Administration.

The writer of the opinion points out the Congressional purpose is to guard the government against the difficulties attending the defense of stale claims. If the rule urged by this plaintiff be applied to the facts of his case it is conceivable if not obvious that the claim here made, twelve years after it accrued to plaintiff, might as well be sued on at any future time without limit.

I think plaintiff's position is untenable from another view of the case. It is plain that any heir or person beneficially entitled to share in any recovery by the administrator was in law authorized to claim the insurance benefits and bring suit therefor in his own right and for the benefit of all persons having an interest in the proceeds of the contract. Johnson v. United States, 10 Cir., 102 F.2d 729; Marsh v. United States, 4 Cir., 97 F.2d 327; United States v. Tate, 4 Cir., 99 F.2d 307; United States v. Powell, 4 Cir., 93 F.2d 788. The reasoning of these cases leads to the conclusion that the running of the statutory period of limitations was not suspended pending the appointment of an administrator.

Plaintiff's motion for rehearing will be overruled.