## JOHNSON et al. v. UNITED STATES.
### No. 1759.

Circuit Court of Appeals, Tenth Circuit.
March 17, 1939.

730

W. V. Pryor, of Sapulpa, Okl. (Heber Finch, of Sapulpa, Okl., on the brief), for appellants.

Fendall Marbury, Sp. Asst. to Atty. Gen. (Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is an action to recover on a policy of war risk insurance issued to Eli Kay, who was inducted into the military service August 2, 1918, discharged August 19, 1919, and died intestate September 4, 1922. Lucy McNack, a sister of the insured was the named beneficiary in the policy, and she died intestate April 22, 1925. Willie Kay, Chisso Kay, Rhoda Johnson, Betsy Hardridge, and Sam Johnson, purporting to act as administrator of the estate of the insured, made claim under the policy on March 16, 1931. A letter of denial was mailed on September 17, 1936, to each of the persons who signed the claim. The suit was instituted on October 6, 1936. Sam Johnson, as executor of the estate of the insured, and Rhoda Johnson were plaintiffs.

An amendment to the petition was filed April 27, 1937, in which L. E. Hardridge, administrator of the estate of Lucy McNack, joined as plaintiff.

Trial by jury was waived. The court found that the insured became totally and permanently disabled before the expiration of thirty days after his discharge and while the policy was in force, and that the persons who signed the letter of claim constituted all of the heirs at law of both the insured and the beneficiary. But the court held that the action could be maintained only by the respective administrators of the estates of the insured and the beneficiary, that neither had submitted a claim, that no requisite disagreement existed, and that the action was barred by the statute of limitations as to the administrator of the estate of the beneficiary. Judgment was rendered for the government, and plaintiffs appealed.

The monthly payments which accrued prior to the death of the insured and the commuted value of the unaccrued installments at the death of the beneficiary are assets of the estate of the insured for which the personal representative of the estate has the exclusive right to maintain an action; and the monthly payments which accrued intermediate the death of the insured and that of the beneficiary are assets of the estate of the beneficiary for which the administrator thereof alone can maintain a suit. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923; McCullough v. Smith, 293 U. S. 228, 55 S.Ct. 157, 79 L.Ed. 297; United States v. Chavez, 10 Cir., 87 F.2d 16; United States v. Rasmussen, 10 Cir., 95 F.2d 842.

The filing of a claim and its denial, constituting a disagreement, is jurisdictional to the maintenance of an action of a contract of war risk insurance. Wilson v. United States, 10 Cir., 70 F.2d 176; McLaughlin v. United States, 10 Cir., 74 F.2d 506; United States v. Journey, 10 Cir., 82 F.2d 772. The purpose in requiring that a claim be filed as a prerequisite to suit is plain. It is to give the government notice that a claim is being asserted and thus afford an opportunity to make investigation of the facts and determine whether there is liability, without the trouble and expense of litigation. United States v. Townsend, 4 Cir., 81 F.2d 1013; United States v. Powell, 4 Cir., 93 F.2d

788; Marsh v. United States, 4 Cir., 97 F.2d 327; Coffey v. United States, 7 Cir., 97 F.2d 762, 117 A.L.R. 940.

■ A pivotal question in the case is whether the requisite disagreement existed as a basis for recovery on the part of the respective representatives of the two estates. Section 19 of the World War Veterans' Act, as amended, provides that the term "claim" means any writing which alleges permanent and total disability at a time when the contract of insurance was in effect, or which uses words showing an intention to claim insurance benefits; and the term "disagreement" means the denial of such claim, 38 U.S.C.A. § 445. The letter addressed to the Veterans' Bureau on March 16, 1931, stated that application was made for payment of War Risk Insurance on the ground of total and permanent disability of the insured while the premiums were still paid up; that such disability existed prior to July 29, 1919, or the date of discharge; and that as the result the policy did not lapse but remained in full force and effect. In respect to substance, it complied with the requirements of the statute for the making of a claim. Johnson signed it as administrator of the estate of the insured. He never was such administrator. He was executor before the claim was submitted and again after it was submitted, but not at the time of its submission. No claim was submitted by the administrator of the estate of the beneficiary. It is unnecessary to consider whether the submission of a claim by one having no interest in or right to the proceeds of a contract of war risk insurance and its denial would constitute a disagreement within the purview of the statute, for no such factual situation is presented. Here all of the heirs at law of both the insured and the beneficiary named in the policy signed the letter and joined in making the claim. As such, they were the persons beneficially entitled to any recovery by the executor of the estate of the insured; and in like manner they were the persons beneficially entitled to any recovery by the administrator of the estate of the beneficiary. Their relationship to the insured and the beneficiary ultimately entitled them to the proceeds of the contract. While not authorized to maintain a suit on the policy, they were the final beneficiaries under it. And the claim was not denied upon the ground that the persons submitting it were without authority to make such a claim. Its denial was expressly rested upon the ground that the evidence failed to establish total and permanent disability at the time asserted or at any other time while the insurance was in force and effect. The suit was filed within the time permitted by law after such rejection. An heir of the insured and the executor of the estate were plaintiffs, and the administrator of the estate of the beneficiary subsequently became a party. The claim thus made by the heirs inured to the benefit of the executor and administrator; and its submission and denial satisfied the exactions of the statute in respect of a disagreement precedent to the right of recovery on their part. United States v. Powell, supra; Marsh v. United States, supra; United States v. Tate, 4 Cir., 99 F.2d 307; Coffey v. United States, supra.

The government relies upon Ivy v. United States, 5 Cir., 84 F.2d 37. It was there said that each claimant must make his own claim and institute his own suit, but the question involved and decided was that the rights of a beneficiary who had submitted a claim and instituted a suit within the time allowed by law were not affected by the failure of the personal representative of the estate of the insured to make claim and seek to recover the installments due the estate. The case of United States v. Mills, 6 Cir., 91 F.2d 487 is also emphasized. There the parents of the insured made claim, but they had no right to any part of the proceeds of the contract. The administratrix recovered without any claim having been made on behalf of the estate. It was held that no disagreement existed between her and the Bureau. The clear distinction between that case and this is that there the persons making the claim had no beneficial interest in the contract; here they were the ultimate beneficiaries. The case of United States v. Primilton, 5 Cir., 76 F.2d 555, is likewise stressed. There the lawful wife and the putative wife of insured joined in bringing the suit. The putative wife was named as beneficiary in the policy and she corresponded with the Veterans' Bureau. The lawful wife did not make any claim. It was contended, among other things, that since the beneficiary named in the policy was not legally capable of taking as such, the proceeds belonged to the community to be divided between the two wives. Whether the named beneficiary was incapable of

732

taking as such or whether she was entitled to share in the community was not decided. The court held that a claim lodged by the putative wife and denied would not constitute a disagreement between the lawful wife and the Bureau; that the correspondence passing between the putative wife and the Bureau did not constitute a disagreement between them; and that the proof failed to establish total and permanent disability while the policy was in force.

■ The administrator of the estate of the beneficiary did not become a party to the suit until after the statutory period of limitations had run. But where a suit is filed within the required time by an heir of the insured or a beneficiary in the policy whose claim has been made and denied, the suit is for the benefit of all persons having an interest in the proceeds of the contract; and others having such an interest may become parties after the period of limitations has run. Marsh v. United States, supra; United States v. Tate, supra.

The judgment is reversed and the cause remanded for a new trial.