## McENTIRE v. UNITED STATES.
### No. 9299.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1940.

O. J. Tolnas, of Athens, Ga., and William C. Turpin, Jr., of Macon, Ga., for appellant.

Thomas E. Walsh, Atty., Dept. of Justice, of Washington, D. C., and H. G. Rawls, Asst. U. S. Atty., of Macon, Ga., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Tom Allen was a soldier in the World War who died in the service on October 1, 1918. He was the owner of two policies of war risk insurance in which Ed Creamer, as father of the insured, was designated as beneficiary. Creamer collected the monthly payments under the policies from October 1, 1918, until he died on March 23, 1932. Appellant, as administrator of the estate of the deceased soldier, filed this suit on September 14, 1938, to collect from the Government the amount of the payments made to Creamer, with interest, on the ground that Creamer was not the husband of the soldier's mother, never claimed or admitted to be the father of the soldier

until Allen joined the army, and was not within the permitted class of beneficiaries entitled to receive the insurance. The district court dismissed the suit, and the Government contends that its action was proper because the suit was barred by limitations and because this appellant, being the soldier's administrator, is estopped to contest payments made pursuant to the insured's designation.

■ Section 19 of the World War Veterans Act,. as amended July 3, 1930, 38 U.S.C.A. § 445, forbade the bringing of such suits more than six years after the happening of the contingency upon which the claim was founded, or one year after July 3, 1930, whichever was the later date. This statute barred the suit on July 3, 1931, unless for some reason the operation of the statute was tolled.[1] Appellant recognizes this, and claims that the limitation did not bar the suit, because (1) there was no valid administration of intestate's estate prior to August 1, 1938, and (2) various claims were filed by the sole heir-at-law of intestate with the Veterans Bureau and were pending throughout the inactive period, tolling the statute. The first contention is ruled against appellant by United States v. Towery, supra, which establishes the date of the soldier's death as the time the statute of limitations began to run.[2]

■ As to the second point, if this contention were borne out by the facts, it would clearly be sufficient to render ineffectual the plea of limitation.[3] The letters relied upon to constitute claims, however, are mere requests for information. Two of the letters are from the insured's mother. She asks, "to whom is the insurance payable?" and "I have never received any compensation. How do I go about it?" An attorney on her behalf inquires, "By what authority is Creamer receiving these payments?" The courts have consistently considered such letters to be inquiries only, and have refused to interpret them as claims within the meaning of the statute.[4]

Since we hold that the suit was properly dismissed on the ground of limitation, it is unnecessary to consider the other contention of the Government.

Affirmed.

---

[1] United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678; United States v. Tarrer, 5 Cir., 77 F.2d 423; Bono v. United States, 2 Cir., 113 F.2d 724; Morgan v. United States, 5 Cir., 115 F.2d 427.

[2] Cf. Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835; Goldborough v. United States, D.C., 31 F.Supp. 93.

[3] Amendment of June 29, 1936, to World War Veterans Act,. 38 U.S.C.A. § 445d.

[4] United States v. Collins, 4 Cir., 61 F.2d 1002; United States v. Peters, 8 Cir., 62 F.2d 977; United States v. Primilton et al., 5 Cir., 76 F.2d 555; United States v. Lockwood, 5 Cir., 81 F.2d 468; Werner v. United States, 2 Cir., 86 F.2d 113.