### DE MOTTS v. UNITED STATES.
No. T-240.

United States District Court
D. Kansas.
Jan. 14, 1952.

James V. Humphrey, Arthur S. Humphrey (of Humphrey & Humphrey), Phillip L. Harris, and Charles F. Hall, all of Junction City, Kan., for plaintiff.

Lester Luther, U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., for defendant.

Richard Brazeau (of Brazeau & Brazeau), Wisconsin Rapids, Wis., John S. Dean, Jr., Melvin R. Quinlan, and Peter F. Caldwell (of Dean & Dean), all of Topeka, Kan., for third-party defendant.

MELLOTT, Chief Judge.

May the widow of a deceased serviceman, in a suit brought against the United States under the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq., in the district of which she is a citizen, have judgment against the mother of the deceased, a citizen of a different state and district, for the aggregate amount of periodic payments erroneously made by the Veterans Administration to her, which amount exceeds $3,000?

The facts are not in dispute. The widow and the mother of the deceased both claimed to be entitled to receive the periodic pay-

772

ments due under a National Service Life Insurance policy. The Veterans Administration paid the mother $3,507.40 prior to January 1, 1951. In this suit the widow sought to recover the face amount of the policy, viz., Ten Thousand ($10,000) Dollars. Order was entered making the mother a party defendant in accordance with the statutory procedure.[1] She answered, alleging that the deceased had not made any change of beneficiary under the policy in which she had been originally designated. All parties now before the court concede the wife had been duly designated as beneficiary and that she is entitled to the periodic payments due after January 1, 1951. Judgment so providing has been entered. The sole question remaining is whether the court should enter judgment in favor of the wife and against the mother upon the wife's cross-complaint for the $3,507.40 paid by the Veterans Administration to her.

No case has been cited or found in which the precise question now before the court has been decided. The argument of counsel for the defendant (mother) proceeds substantially as follows: Plaintiff has no claim against the United States for the payments heretofore made to the mother.[2] Since, under Section 817[3] a district court is granted jurisdiction only to determine controversies involving claims against the United States and since no one in this case is making or can make a claim against it for the payments heretofore made to the mother, the controversy between the wife and the mother of the deceased is a purely private one, which may not be litigated in this case. The two cases chiefly relied upon are Moreno v. United States[4] and Pack v. United States.[5]

In the Moreno case one of the claimants to the proceeds of a policy of war risk insurance sought to amend her declaration to assert a claim for damages against the other claimant for alienation of the affections of the insured. In the Pack case the claimant-wife undertook to require payment by the United States to her, in violation of the

mandate of the statute to make payment only to the person designated in the policy as beneficiary, because the premiums had been paid out of community funds. In each the court held it was improper to combine a purely personal suit with one instituted for the purpose of ascertaining who was the designated beneficiary under the policy.

The reasoning of the courts in the two cases suggests the answer might have been different if the facts had been similar to those now before the court. Thus, in the Moreno case [120 F.2d 130] the Court of Appeals referred, with obvious approval, to the action of the trial court denying leave to amend on the ground that, "* * * the plaintiff cannot invoke Rule 14(a) [Fed.Rules Civ.Proc. 28 U.S.C.A.] in order to assert a claim which she may have against the third-party defendant, and especially when the claim does not arise from the contract upon which her suit is based." In the case at bar the claim asserted by the wife against the mother does arise from the contract upon which her suit was based. She sued to recover the face amount of the policy, viz., $10,000. The United States answered, admitting liability under the policy in the aggregate amount of $10,000, alleging that it had paid to the mother the total amount of $3,507.40 and asking that, "in the event plaintiff should prevail, defendant should be allowed a set-off in that amount." After the mother answered, tacitly admitting the receipt of that amount, the wife then filed a reply and cross-complaint, asking, inter alia, "that if the court denies judgment against the United States * * * for the payments * * * (made to the mother) * * * plaintiff recover of and from * * * (the mother) the sum of $3,507.40 and that she have such other relief as may be equitable and proper." The facts tacitly admitted have now been expressly admitted; and on that basis future payments aggregating $6,-492.60 will be made by the Veterans Administration to plaintiff. But the controversy before the court "on the claim * * *

1. 38 U.S.C.A. §§ 445, 817.

2. 38 U.S.C.A. § 802(l).

3. 38 U.S.C.A.

4. 1 Cir., 1941, 120 F.2d 128.

5. 9 Cir., 1949, 176 F.2d 770.

against the United States", "between the Veterans' Administration and any person or persons claiming"[6] under the contract of insurance, can be completely settled only by determining who should receive all of the payments—those made prior to the institution of the suit as well as the future payments. The Moreno case, in this court's studied opinion, is not an insuperable obstacle to the entering of such a judgment under the pleadings here.

Some of the language used in the Pack case, 176 F.2d 772, separated from its context, seems to support the contention of counsel for the mother that judgment should not be entered against her. Thus it was said that one summoned into a court of the United States, in a district other than that of her residence, would be required only "to assert her claim against the United States [under the policy of insurance]" and would not be compelled to submit to the "adjudication of separate and distant [sic, distinct?] causes and action which third parties might attempt to assert against her." In that case, as stated above, one not named as a beneficiary in the policy was attempting "to have the community property right [which she claimed in connection with the payment of premiums by her deceased husband] adjudicated," which the court held could only be done in an independent action. Assuming that the case was correctly decided, although by a divided court, it is not apposite here. In this case the sole issue, as pointed out above, is: "Who is entitled to receive the $10,000 due under the policy?" No one now denies that the answer is: "The wife of the deceased, the beneficiary named in the policy." That being so, it seems that restitution by the one to whom the payments aggregating $3,-507.40 were made should be ordered.

The *right* of the plaintiff-wife to restitution is not seriously denied. Whether it should be based upon a constructive trust, an implied contract or unjust enrichment need not be determined. In Kaschefsky v.

Kaschefsky [7] the court, dealing with a situation somewhat analogous, characterized the recipient of the payments as a trustee. True it is, as counsel for the mother points out, the jurisdictional question here involved was neither raised nor decided. But the fact that jurisdiction was taken for granted by the trial and appellate courts, as well as by counsel, is not wholly without significance. In Day v. Bradshaw,[8] the court, under facts not unlike the present ones, considered the wrongful receipt of part of the insurance by a brother of the deceased as a debt to the excluded nephews and charged it against his share of the soldier's estate. This action was dictated, it was said, by "equity and good conscience".

Upon brief counsel discuss Rule 14(a). On behalf of the plaintiff-wife it is urged the rule "provides the procedure to carry out the power mentioned in the statute (i. e. Sec. 19, Act June 7, 1924)" conferring jurisdiction "to hear and determine * * * controversies" under the contracts of insurance. Here, it is said, is "all the machinery necessary for a full adjudication of the whole controversy and its various ramifications." On behalf of the mother, however, Syllabus 4 of the Moreno case, supra, and the corresponding part of the opinion is relied upon as supporting the view that the United States has not consented "to be sued in litigation which may expand into a trial of multifarious collateral causes of action between the original plaintiff and third persons."

The right answer to the question posed is elusive. The jurisdiction of the court is to be "exercised in accordance with the laws governing the usual procedure * * * in actions at law for money compensation." Law v. United States.[9] The statute is remedial and is to be liberally construed. Dumas v. United States.[10] Bringing in, by the United States, of claimants because "thought best to clear away any question as to rights in the policy" is somewhat analogous to an action of inter-

6. The quotations are from Title 38 U.S. C.A. § 445.

7. 6 Cir., 1940, 110 F.2d 836.

8. 174 Va. 105, 5 S.E.2d 514, 520.

9. 266 U.S. 494, 496, 45 S.Ct. 175, 176, 69 L.Ed. 401.

10. 10 Cir., 1939, 103 F.2d 676.

pleader, resulting in "the consolidation in an equitable suit of the claims made under this policy * * *." Heinemann v. Heinemann.[11] The purpose is to avoid multiplicity of suits growing out of the same contract of insurance, Blanton v. United States;[12] and anyone having "an interest in such insurance" may be made a party. Coffey v. United States.[13] Most of the cited cases were decided before the Federal Rules became effective. They seem to suggest, however, that the court may do, as it has indicated it purposes to do, without relying upon Rule 14(a). As a matter of fact, the right given to the United States to bring in claimants is broader, under the statute, than it would be under the rule; for under Section 802(l) [14] its obligation to make payment, even to the named beneficiary, appears to be satisfied *pro tanto* when made "to a person represented by the insured to be within the permitted class of beneficiaries * * *."

But whether Rule 14(a) is, or is not, applicable, the pleadings clearly have been drawn under Rule 13. Thus the mother, through her counsel, quite appropriately admitted most of the basic facts relied upon by plaintiff, including the disallowance by the Veterans Administration of plaintiff's claim and the payment to her (the mother) of the periodic installments through January 1, 1951. She admitted the "existence of a disagreement as to a claim under" the designated policy, asked that plaintiff's complaint be dismissed, and prayed that the court adjudge the United States to be liable to her "for all of the proceeds of said insurance herein sued upon * * * together with such other and further relief as deemed just and equitable." In a cross-complaint she sought the same relief, alleging that all benefits under the policy were "due and payable" to her. A reply was filed by plaintiff, together with a cross-complaint against the mother for the payments made to her. Thus the issues were joined as in an interpleader action and at no time was the venue of the court challenged.

■■■ The court is of the opinion it has jurisdiction of the parties and of the sub-

ject of the action; that plaintiff is entitled to the relief demanded; and that she should have judgment against the defendant Dorothy DeMotts as prayed for. No judgment will be entered, however, until the form thereof is settled as provided in Rule XXI of the court's Rules of Practice.

11. 6 Cir., 1931, 50 F.2d 696, 697.

