**UNITED STATES v. STAMEY et al. (two cases).**

No. 6232.

Circuit Court of Appeals, Ninth Circuit. March 16, 1931.

See also 37 F.(2d) 188.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., and James T. Brady, Acting Gen. Counsel, and Bayless L. Guffy, Atty., U. S. Veterans' Bureau, both of Washington, D. C., and Lester E. Pope, Atty., U. S. Veterans' Bureau, of Seattle, Wash., for the United States.

L. B. Schwellenbach, Ivan Merrick, and George Flood, all of Seattle, Wash., for appellees and cross-appellants.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiffs in an action on a policy of war risk insurance. Error is assigned in the admission of testimony, in the refusal of the court to direct a verdict for the appellant at the close of all the testimony, and in the charge of the court to the jury.

Grady G. Stamey, the insured, enlisted in the military service of the United States on April 26, 1918; went overseas August 31, 1918; contracted influenza, in France, in October, 1918, and was on sick leave for about a week; had a violent attack of coughing in March, 1919, was transferred to hospital in April, 1919, where condition of pericarditis was found to exist; did not thereafter return to active duty; and was finally discharged on July 19, 1919. After his discharge, the testimony tends to show that he was pale and very nervous; tired and unable to sleep; spasmodic in eating, sometimes very hungry, sometimes eating very little; had periodical spells of restlessness and suffered at night; had severe pains in the chest and head and was feverish and ill, remaining in bed the greater part of the time until August 1, 1919. On the latter date, and again on August 30, 1919, he was treated by a physician for pericarditis. At that time both lungs were affected, and, in the opinion of the attending physician, tuberculosis was fairly well advanced. Between September 1 and November 20, 1919, he was employed for about two months as an elevator operator, and in the Quartermaster's Corps at Seattle. He was unable to continue his work longer, and from the latter part of November, 1919, until March, 1920, was confined in the hospital at Palo Alto, Cal. After his return from the hospital he attended school for the balance of the year, somewhat intermittently, but was unable to work, and during the last six months of his life was continuously confined to his bed.

In addition to the foregoing, numerous reports of examinations of the deceased, made by doctors in the employ of the United States Veterans' Bureau, were admitted in evidence, over objection. These reports contain many repetitions, but, speaking generally, one or more of them disclosed tuberculosis, chronic, pulmonary, incipient; another, tuberculosis, moderately advanced, probably active, slightly progressive; others, tuberculosis, chronic, pulmonary, arrested, or apparently arrested. Some of the reports disclosed that the deceased was unable to resume his former occupation, that of assistant to surveyor, and the physician advised against it, while others disclosed that he was able to resume his former occupation and the physician advised that he do so. Some disclosed that his vocational handicap was major, while others reported it as minor, and the reports generally disclosed that the prognosis was favorable.

As already stated, the records of the Veterans' Bureau were admitted in evidence over objection and exception, and the ruling of the court was assigned as error. What-

152

ever argument might be urged against the admissibility of such records, as an original proposition, we feel constrained to follow the unanimous rulings in the different circuits which fully sustain the ruling of the court below. United States v. Worley (C. C. A.) 42 F.(2d) 197; Runkle v. United States (C. C. A.) 42 F.(2d) 804; United States v. Cole (C. C. A.) 45 F.(2d) 339. We will add, however, that the objection was a general one, and we are not called upon to consider whether the whole records were admissible, or whether the court should only have received such parts as contain material, specific findings of fact. United States v. Cole, supra.

■ We deem it unnecessary to discuss the question of the sufficiency of the testimony to warrant the submission of the case to the jury, further than to say that the testimony was ample, if believed by the jury, to sustain a finding of permanent and total disability. Indeed, inasmuch as the testimony on the part of the plaintiffs was uncontradicted, it would be a matter of surprise if the jury had reached a different conclusion.

Nor do we find any merit in the objection, or exception, to the charge of the court relating to the effect to be given to statements made by the insured in his application for a conversion of a part of his insurance.

■ As an affirmative defense the answer averred that on August 7, 1919, the insured converted $4,000 of his $10,000 term insurance into an ordinary life policy, which was later permitted to lapse for nonpayment of premiums. By reason of this affirmative defense, which was not controverted, the court below limited the recovery to the payments or installments due on the $6,000 of the original policy which had not been converted, and by a cross-appeal on the part of the plaintiffs this ruling is assigned as error. July 3, 1930, some months after the trial, section 307 of the World War Veterans' Act was retroactively amended so as to provide:

"That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 445 of this title on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy." 38 USCA § 518.

■ In view of this amendment the government concedes that the affirmative defense set forth in the answer is no longer available, so that we need only consider whether this court should direct the entry of a proper judgment or whether the case must be remanded for a new trial. By their verdict the jury found in favor of the plaintiffs and fixed the date of permanent and total disability as of July 31, 1919, within the life of the policy. This, we understand, is the usual form of verdict in this class of cases, and the court computes the amount due and renders judgment accordingly. The verdict or finding of the jury was a special one, covering every controverted issue in the case, and in such cases it is the duty of the appellate court, on reversal, to direct the entry of the proper judgment. Fort Scott v. Hickman, 112 U. S. 150, 165, 5 S. Ct. 56, 28 L. Ed. 636.

The judgment of the court below is therefore vacated, and the case is remanded to that court with instructions to enter judgment on the verdict in accordance with the views herein expressed, upon surrender of the converted policy described in the affirmative defense.

In view of the fact that the reversal is made necessary by a statute enacted since the entry of the judgment in the court below, no costs will be allowed to either party in this court.