## HERRIG v. UNITED STATES.*
### No. 6518.
Circuit Court of Appeals, Ninth Circuit.

Nov. 2, 1931.

Elton Watkins, Johnston Wilson, and Barge E. Leonard, all of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Livy Stipp, Asst. U. S. Atty., both of Portland, Or., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and WEBSTER, District Judge.

SAWTELLE, Circuit Judge.

Plaintiff-appellant was discharged from military service on December 30, 1918. At that time he was carrying a $10,000 war risk insurance policy. Effective January, 1919, he had this insurance reduced to $5,000. The reduced policy lapsed for nonpayment of the

*Rehearing denied December 14, 1931.

February, 1919, premium. In June, 1920, plaintiff-appellant had his insurance reinstated for $10,000, and he carried this term policy until January, 1921, when he converted it into a $5,000 ordinary life policy. This policy lapsed for nonpayment on the September, 1923, premium.

Action was begun by plaintiff-appellant on the original $10,000 policy. In its answer, the government set up the reduction of January, 1919, the reinstatement of June, 1920, and the conversion of January, 1921, claiming estoppels by virtue of the last two policies.

Plaintiff-appellant filed a reply, alleging that the reduction of January, 1919, the reinstatement and the conversion were all entered into under a mutual mistake of fact, in that neither the plaintiff-appellant nor the defendant-appellee was aware of plaintiff-appellant's total and permanent disability, which, he alleged, existed at the inception of all three new contracts, declaring that by virtue thereof all three contracts were void and should be set aside, and further asking "for judgment as prayed for in plaintiff's amended complaint."

On the equitable matter sought to be raised by the reply, the matter came on for trial before the court, without a jury. The court entered the following decree: "Ordered, Adjudged and Decreed that the contracts of insurance entered into between plaintiff and defendant effective in January, 1919, effective July 1, 1920, and effective January 1, 1921, are hereby declared void and of no effect, and that the same be and hereby are set aside and for naught held."

It will be noted that the court did not grant "judgment as prayed for in plaintiff's amended complaint," and as prayed for in plaintiff-appellant's reply.

At the succeeding term, the case came on for trial before a jury. At the opening of the trial, the plaintiff-appellant moved for judgment on the ground that the above decree determined the controversy. The motion was denied. The jury heard the case, and returned a verdict for the defendant-appellee. Plaintiff-appellant thereafter moved for a judgment for plaintiff notwithstanding the verdict, on the same ground as above stated, and also moved for a new trial. Both motions were denied, judgment having previously been entered in favor of the government, in accordance with the verdict. From that judgment, plaintiff appealed, assigning as error the adverse rulings of the court on the above motions.

Plaintiff-appellant asserts that there is but one question before this court: Whether or not the decree of the court on the equitable issues raised by the reply is determinative of all the issues in the case. In other words, the plea of res adjudicata is urged.

The plaintiff-appellant's argument is that, since its reply set forth that the three later policies should be declared void because they were entered into under a mutual mistake as to plaintiff-appellant's condition, in that neither party was aware that, as claimed, the veteran was totally and permanently disabled, the lower court, by declaring such policies void, necessarily also found (1) that there had been a mutual mistake, and that (2) plaintiff-appellant was in fact totally and permanently disabled at the time each of the three contracts came into existence.

According to the plaintiff-appellant, such findings, presumed by him to be the result of the finding of invalidity of the subsequent policies, are tantamount to a complete determination of all the issues of fact in the case, leaving nothing to be tried before a jury.

 We believe that, under a recent statute, the defense of estoppel by virtue of reduced, converted, or reinstated policies is not open to the government, and therefore the equitable matter set up by the plaintiff-appellant in reply to such defense, and the court's decree thereon, were of no legal effect, and constitute a futile and unnecessary gesture. That being so, the action at law on the original policy of insurance, which action was triable only before a jury, was the only cause that could be properly and was adjudicated in the court below. As to this cause, the jury found for the defendant, judgment was rendered on the verdict, and there is no reason why such verdict and judgment should be disturbed by this court.

Section 24 of "An Act to Amend the World War Veterans' Act; 1924, as amended," passed on July 3, 1930 (38 USCA § 518), with retroactive effect, reads as follows:

"That section 307 of the World War Veterans' Act, 1924, as amended (section 518, title 38, United States Code), be hereby amended to read as follows: .

" 'Sec. 307. All contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, nonpayment of premiums, or on the ground that the applicant was not a member of the military or naval forces. of the United States, and subject to the provisions of section 23: Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 19 of this Act on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the. prior contract or policy: Provided further, That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

In United States v. Stamey, 48 F.(2d) 150, 152, this court construed the above provision as preventing the government from setting up the fact that the insured had converted a part of his $10,000 term insurance policy into an ordinary life. policy, which was later permitted to lapse for nonpayment of premiums. By reason of that affirmative defense, which was not controverted, the court below limited the recovery to payments or installments due on the $6,000 of the original policy which had not been converted. The statute quoted above, enacted after the entry of the judgment in the lower court, made reversal necessary.

After quoting the amendment set forth above, Judge Rudkin said: "In view of this amendment the government concedes that the affirmative defense set forth in the answer is no longer available, so that we need only consider whether this court should direct the entry of a proper judgment or whether the case must be remanded for a new trial."

Referring to the same provision, the Fifth Circuit Court of Appeals, in the case of Sprencel v. United States, 47 F.(2d) 501, 504, used the following language: "The section just quoted, being remedial in its nature, is made to relate back to the date war was declared, and evidently was intended to cover any policy issued since that time. If a recovery is had on the old policy or contract, then before receiving payment under such a judgment, the insured is required to surrender any subsequent agreement. In other words, it seems to permit him to elect whether he will claim upon the original policy 'without prejudicing his rights' and submit the issues of fact and law as to whether he is entitled to recover thereunder, notwithstanding any subsequent contract or policy. Since it is our conclusion that the lower court erred (for reasons which later hereinafter appear) in directing a verdict and will reverse the case for a new trial, we think it well

*to say that this statute will hereafter exclude from the litigation any question of estoppel based upon the application for reinstatement and the alleged contract arising therefrom."* [Italics our own.]

Accordingly, we hold in the present suit that, as in the Sprencel case, supra, the question of estoppel raised by the government should have been "excluded from the litigation." This being so, the equitable matter set up by the plaintiff in its reply presented no issue properly cognizable by the court below, and the decree entered upon such issue is of no legal effect.

We see no reason for disturbing the judgment of the lower court, based upon the verdict of the jury upon the ultimate fact of disability, determination of which fact was clearly within the province of the jury.

Judgment affirmed.