**GAMBILL et al. v. UNITED STATES.**

No. 1757.

Circuit Court of Appeals, Tenth Circuit.

March 20, 1939.

---

668

Hugh Webster, of Tulsa, Okl., for appellants.

Fendall Marbury, of Washington, D. C. (Whitfield Y. Mauzy, U. S. Atty., of Tulsa, Okl., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

On December 9, 1919, Beulah Gambill filed her affidavit, (Plaintiff's Exhibit 9), two joint supporting affidavits attached, with Bureau of War Risk Insurance on its regular form 514, same being set out in footnote [1].

---

[1] "I, Mrs. Beulah Gambill, on oath depose and say that I was born on the 24th day of September, 1887, and reside at Pensacola, Oklahoma; that I am the sister of Fred D. McHaffie, Cook; and that I believe myself to be the person named as the beneficiary of insurance granted by the United States to the said Fred D. McHaffie, Cook; that I understand that the above-named deceased died at Whipple Barracks, Prescott, Arizona, in Arizona, on the 22nd day of September, 1919, as a result of Pulmonary Tuberculosis, caused from poison gas while over sea.

"The only other relatives of said deceased, surviving within the permitted class of spouse, child, grandchild, parent, brother, and sister, of whom I have any knowledge, are as follows:

"Lucile McHaffie, Wife, Address, unknown, Separated from husband before he entered service.

"Charlie McHaffie, brother, age 28, address, Pullman, Wash., 604 Maiden Lane.

"Signed. Mrs. Beulah Gambill.

"Subscribed and sworn to before me this 9th day of December, 1919. William Jones, Notary Public. (Seal affixed) My Comm. expires 12-30-22.

"We, the undersigned, severally solemnly swear that we have known the claimant whose name is subscribed above Twenty years, and that we know said claimant to be the Sister of Fred D. McHaffie, Cook, that we have read the statements made herein, and the facts as stated are true to the best of our knowledge and belief.

"(Signed) Ben Hoff, Ketchum, Okla.
"(Signed) Elmer Creek, Ketchum, Okla.

"Subscribed and sworn to before me this 9th day of December, 1919. (signed) Frank Pitts, Notary Public. (Seal affixed) My com. expires Sept. 13th, 1922."

The stamp endorsements thereon show that same was received by the Bureau of War Risk Insurance on December 13, 1919, and by its Claims, Compensation & Insurance Board on December 15, 1919.

On December 29, 1919, the said Beulah Gambill was notified in writing by R. G. Cholmeley-Jones, Director of the Bureau of War Risk Insurance (Plaintiff's Exhibit 10) that she

"* * * as the person named as beneficiary by Fred C. McHaffie, Cook Co. B. 137th Engrs. to whom insurance in the amount of $10,000 was issued by the United States under the Act of Congress of October 6, 1917, and the amendments thereto, you are entitled to receive insurance in payments of twenty-eight and 75/100 dollars per month from the 23rd day of Sept., 1919, to the 23rd day of September, 1939. * * *

"The initial payment check pursuant to the award approved in your favor will be dispatched to you at the earliest possible moment. If you should change your present address, the Compensation and Insurance Claims Division, Bureau of War Risk Insurance, Washington, D. C., must be immediately notified. All future communications with reference to this case must bear the Compensation number C-303661.

"Authorized by the Bureau of War Risk Insurance.

"This 29th day of December, 1919.

"Signed R. G. Cholmeley-Jones, Director.

"Recorded Actuarial Division.

"CC Form 552 (revised 6-19-19)."

On August 5, 1918, at Jefferson Barracks, Mo., Fred Douglass McHaffie on regular form (Plaintiff's Exhibit 1) made application for said insurance in writing, which was granted. See footnote [2].

On September 24, 1919 (Plaintiff's Exhibit 2) on regular form, Bureau of War Risk Insurance Division, the following record was made by said Bureau:

"Change Brief for Insurance Decreased

"Army Serial No. 3-771-676

"Insurance File No. 3-293-155.

"Original Insurance

"Amount, $10,000 Effective Date August 5th, 1918, Premium, $7.30.

"Decreased Insurance

"Amount, $5,000 Effective Date August 5th, 1919, Premium $3.65.

"Changes

"Insured's Address Changed to: R. F. D. #1 Ketchum, Okla.

"Beneficiary Changed to: (Sister) Beulah M. Gamble.

"Address of Beneficiary————

"Decreased Amount for Beneficiary———— Rank———— Organization————

"Address of Certificate Holder: Mrs. Lucile McHaffie, Miami, Okla. New Mailing Directions: Beulah M. Gamble, R. F. D. #1, Ketchum, Okla. Date Sept. 24th, 1919."

"Application for Insurance",

(Plaintiff's Exhibit 3 on regular Bureau form, dated July 17, 1919, supplied by defendant, and received B. W. R. I. S. D. July 31, 1919):

---

[2] "My Army serial number is 3771676. "My full name is Fred Douglas McHaffie, Home Address, Commerce, Oklahoma. Date of Birth, September 27th, 1884, Age 34. Date of enlistment or entry into active service, August 5th, 1918.

"I hereby apply for insurance in the sum of $10,000.00 payable as provided in the Act of Congress approved October 6, 1917, to myself during total permanent disability and from and after my death to the following persons in the following amounts:

| Relationship to me | Name of Beneficiary |
|---|---|
| Wife | Luciclee McHaffie |

"I authorize the necessary monthly deductions from my pay, or, if insufficient, from any deposit with the United States, in payment of the premiums as they become due, unless they be otherwise paid.

"I offer this application, and it is to be deemed made, as of the date of signature, with premiums commencing from that date and payable at the end of each calendar month, beginning with the month in which application is made.

"I wish Insurance Certificate sent to: (Name) Mrs. Luciclee McHaffie, (Address) Miami, Oklahoma.

"Signed at (on board) Jefferson Barracks, Mo., Aug. 5, 1918.

"(Sign here) Fred Douglass McHaffie Ret., Eng. Corps, R. A., 18th Co. (Rank

| P. O. Address | Amt. of Insurance to be paid to each beneficiary |
|---|---|
| Miami, Okla. | $10,000.00 |

or rating) (Organization)

"Witnessed by: J. R. Schaller, Rank: 1st Lt. Infantry N. A. Commanding ————."

"My Army serial number is 3771676,

"My full name is Fred Douglas Mc-Haffie, Home Address R. F. D. No. 1, Ketchum, Okla. Date of birth, September 27, 1884, Age 35. Date of last enlistment or entry into active service Aug. 5, 1918.

"I hereby apply for insurance in the sum of $5,000.00 payable, as provided in the War Risk Insurance Act, to myself during total permanent disability and from and after my death to the following persons in the following amounts:

"Sister, Beulah M. Gamble, R. F. D. No. 1, Ketchum, Okla. $5,000.00.

"Changed: Reducing from $10,000 to $5,000. Original application dated August, 1918, while applicant was a Private, of Casual Company, Automatic Replacement. Changed form to be effective the same day as original application in the first month in which reduced premium is charged, which is to be for the month of August, 1919.

"I authorize the necessary monthly deduction from my pay, or, if insufficient, from any deposit with the United States, in payment of the premiums as they become due, unless they be otherwise paid.

"I offer this application, and it is to be deemed made, as of the date of signature, with premiums commencing from that date and payable at the end of each calendar month, beginning with the month in which application is made.

"I wish Insurance Certificate sent to: (Name) Beulah M. Gamble (Address) R. F. D. No. 1, Ketchum, Okla.

"Signed at (on board) U. S. A. G. H. No. 20, Whipple Barracks, Arizona, the 17th day of July, 1919.

"Sign here Fred Douglass McHaffie, Cook, Co. B. 137th Engrs.

"Witnessed by: R. N. Nelson, Rank 1st Lieut., Med. Corps., USA. Personnel Adjutant. Commanding——— ———.
* * *

"*The smallest amount of insurance which may be applied for is $1,000 and the largest amount is $10,000. Between such limits insurance may be applied for in any sum, provided it is in multiples of $500.* (Italics supplied.)

"Insurance may be applied for in favor of one or more of the following persons:

"Wife or husband.

"Child, including legitimate child: child legally adopted before April 6, 1917, or more than six months before enlistment or entrance into or employment in active service, whichever date is the later; stepchild, if a member of the insured's household; illegitimate child, but, if the insured is his father, only, if acknowledged by instrument in writing signed by him, or if he has been judicially ordered or decreed to contribute to such child's support, and if such child, if born after December 31, 1917, shall have been born in the United States or in its insular possession.

"Grandchild, meaning a child, as above defined, of a child as above defined.

"Parent, including father, mother, grandfather, grandmother, father through adoption, mother through adoption, stepfather, and stepmother, either of the insured or of his/her spouse.

"Brother or sister, including brothers and sisters of the half blood as well as of the whole blood, stepbrothers and stepsisters and brothers and sisters through adoption.

"U. S. A. G. H. No. 20, Whipple Barracks, Arizona, 17th July, 1919.

"Charge Premium ($3.70) will be made by me monthly beginning with month in which application is dated. First Charge made 1st August, 1919.
            "R. N. Nelson,
                "1st Lieut., Med. Corps.,
                "USA. Personnel Adjutant.
"(Marked) Rec'd B. W. R. I., S. D. Jul 31, 1919."

On November 1, 1919, the Assistant Director, In Charge of Compensation & Ins. Claims Division (Plaintiff's Exhibit 4), addressed letter to Bud Gambill, Pensacola, Oklahoma, husband of the said Beulah Gambill, as follows:

"C-303661. Fred D. McHaffie, Co. B. 137th Engrs. C-303661.

"Receipt is acknowledged of your letter of September 29, 1919, with reference to the insurance on account of the death of the above named deceased soldier. In reply you are advised that we have sent a call to our Insurance Section requesting them to transmit to us any insurance application which they may have in their files on the life of the above named deceased soldier. Upon receipt of same you will be promptly notified.

"We are enclosing our forms-501 and 531 which you are kindly requested to hand to your wife, who is the sister of the late

soldier, and request her to fill out and execute these forms and return them to this Bureau at the earliest possible moment. The 531, which is to be used by her in support of her claim to burial expenses, if any were incurred by her, should be accompanied by an itemized statement and the receipted bills in connection with the burial of the late soldier. Upon receipt of this evidence we will give the case immediate attention.

"All future communications relative to this case should bear the deceased soldiers full name, former rank and organization, and the file number C-303661."

On November 5, 1919, the same assistant director addressed communication (Plaintiff's Exhibit 7) to Mrs. Beulah Gambill, Pensacola, Oklahoma, acknowledging receipt of her communication of October 28, 1919, and confirming said letter of November 1, 1919, to her husband for her benefit. See footnote [3].

Said communication of October 28, 1919, from Mrs. Beulah Gambill (Plaintiff's Exhibit 8) addressed to the Compensation & Claims Division, Bureau of War Risk Insurance, Washington, D. C., is set out in footnote [4].

On January 8, 1920, Mrs. Beulah Gambill, subsequent to December 29, 1919, the date of said Exhibit 10, addressed communication (Plaintiff's Exhibit 11) to the Bureau of War Risk Insurance, as follows:

"As I haven't heard anything since I sent the Affidavit of Beneficiary in to Washington, in regard to my brothers insurance Fred D. McHaffie (Cook) file No. C-303661, No. Co. B. 137th Engrs., his letter from Whipple Barracks stating he had taken out the Insurance in July, 1919— or had it changed from someone else to me as he stated. He was notified the Insurance had been changed as he requested to me, Beulah Gambill, his sister. Now as I am in need of some money awful bad will you kindly see to this at once and notify me if there is any more proof or papers

to fix out. Hoping to hear from you at once. Yours Resp. (signed) Mrs. Beulah Gambill. P. S. he died Sept. 22nd 1919 at U. S. A. G. H. No. 20, Whipple Barracks, Prescott, Ariz."

On January 21, 1920, Mrs. Beulah Gambill in writing communicated with Treasury Department, Bureau of War Risk Insurance, Washington, D. C. (Plaintiff's Exhibit 12), as follows:

"In re: Mrs. Beulah Gambill, C-303661.

"I notice that under the Sweet Bill that I am entitled to get the insurance left me by my brother, Fred D. McHaffie, Cook Co. B 137th Engrs., in installments. At least it appears to me that I am entitled to the same. I wish you would advise me what my rights are under the Sweet Bill, and how I proceed to make use of my rights."

On February 3, 1923, Mrs. Beulah Gambill, by her husband, Bud Gambill, again communicated (Plaintiff's Exhibit 13) with the Bureau of War Risk Insurance, Washington, D. C., as follows:

"I am enclosing copy of the papers I received in regard to my brothers insurance made to me. I thought maybe they might be a mistake in it as it calls for $10,000 and thought that if it was I ought to receive 57.50 a month instead of $28.75, and thought I would write you in regard to the matter. So please let me know about it and if you want the original copy I will send it to you at once."

On February 21, 1923, Charles E. Mulhern, Assistant Director, addressed communication (Plaintiff's Exhibit 14) to Mrs. Beulah Gambill, Pensacola, Oklahoma, as follows:

"C-303-661, Fred D. McHaffie, Co. B., 137th Engrs. JHW:bw: 12.

"This will acknowledge receipt of your letter of February 3rd in which you inclose a copy of our form letter submitted to you, in which it is stated that insurance is payable in the sum of $10,000.00 and call

---

[3] "Receipt is acknowledged of your letter of October 28th, in which you request blanks to file claim for insurance and burial expenses on account of the death of your brother, the above named deceased soldier.

"In reply you are advised that we have forwarded all the necessary forms in a letter to your husband, requesting that he hand same to you. We have also taken all the other necessary action in the matter.

"All correspondence relative to this case should bear the full name, rank and organization of the above named deceased soldier, together with our file number C-303 661."

[4] "I am the sister of Cook Fred D. McHaffie, Co. B. 137th Engrs., Serial No. 3771676, who died at U. S. General Hospital No. 20 on September 22nd, 1919, and I wish you would furnish me with blanks for filing claim for Insurance and Burial expenses."

attention to the fact that you are now receiving payments under a· policy which, as you understand it, is in the sum of $5,000.00, and desire that the discrepancy be explained to you.

"You are respectfully informed that our records disclose at the time the original application for insurance was executed in this case, that the deceased contracted for $10,000.00 insurance but that subsequently, on July 17, 1919, he executed a new policy, with the following notation:

"'Reducing from $10,000 to $5,000. Original application dated August, 1918, while applicant was a Private, of Casual Company, Automatic Replacement, Changed form to be effective the same day as original application in the first month in which reduced premium is charged, which is to be for the month of August, 1919.'

"Therefore, at the time of the death of the insured, the policy in force was in the amount of $5,000.00 and through a typographical error you were advised that the policy was in the sum of $10,000.00.

"All future communications with reference to this case should bear the file number C-303-661, the full name, former rank and organization of the above named ex-service man."

On July 28, 1924, E. B. Howard, Congressman, First Oklahoma District, addressed letter of inquiry to the United States Veterans' Bureau, Washington, D. C. (Plaintiff's Exhibit 15), same being set out as footnote [5].

On August 2, 1924, Charles E. Mulhearn, Assistant Director in Charge of Claims and Insurance Service, replied to E. B. Howard, Washington, D. C. (Plaintiff's Exhibit 16), as follows:

"0.33. C-303-661, Fred D. McHaffie.

"In reply to your favor of July 28, 1924, you are respectfully advised that the rec-

ords of the Bureau show that the late Fred D. McHaffie applied for insurance while in the service under date of August 5, 1918, naming his wife, Lucielle Anna McHaffie, as beneficiary. This application was for $10,000.00 insurance. He kept his policy in force until July, 1919, when he applied for a reduction of his insurance to $5,000. In his application for this reduction he named his sister, Mrs. Beulah M. Gambill as beneficiary. This reduction took effect August 1, 1919. The insured died on September 22, 1919, and as at that time his insurance had already been reduced to $5,000, insurance benefits can be paid only on that amount and not on the $10,000 originally carried by the insured."

On September 28, 1931, Honorable Elmer Thomas, United States Senator from Oklahoma, addressed letter of inquiry (Plaintiff's Exhibit 18) to George E. Ijams, Assistant Administrator, United States Veterans' Affairs, Washington, D. C., same being set out as footnote [6].

On October 3, 1931, Harold W. Breining, Assistant Administrator, replied to Senator Thomas (Plaintiff's Exhibit 19) as follows:

"Receipt is acknowledged of your letter of September 28, 1931, written on behalf of Mrs. Bud Gambill, Box 90, Pensacola, Oklahoma.

"You are informed that the above named veteran on August 5, 1918, applied for and was granted insurance in the amount of $10,000. On July 17, 1919, he requested that his insurance be reduced from $10,000 to $5,000. In accordance with this request the amount of insurance was reduced and there was only $5,000 in force at the time of the veteran's death.

"The designation of a person as beneficiary of War Risk Insurance does not give the person so designated any vested

---

[5] "I am today in receipt of a letter from Mrs. Beulah Gambill, Webb City, Oklahoma, sister of the above deceased soldier, in which she states that her brother's insurance was for $10,000, but that after his death the Department advised her that he had changed the original to $5,000. She seems to think there is some mistake, and I would appreciate it if you would advise what your records show concerning this case."

[6] "In Re: McHaffie, Fred C. XC-303,661.

"I am advised that Mrs. Bud Gambill, Box 90, Pensacola, Oklahoma, was made

beneficiary of insurance benefits due in the case of her brother, Fred D. McHaffie, deceased, veteran. I am advised that the veteran, prior to his death, reduced the policy to $5,000.00 without notifying his beneficiary of the change.

"Mrs. Gambill is anxious to know when she will receive the benefits due her, and what evidence, if any, she must submit to secure consideration of her claim to the full amount, for which she was made beneficiary.

"Thanking you in advance for your early report in this claim, and for all consideration given it, I am".

rights. The veteran had a right to increase, decrease or cancel his insurance without the permission of or notice to the beneficiary. Mrs. Gambill is now receiving monthly payments of $28.75 under the $5,000 of insurance in force at the time of the veteran's death and no additional payment can be made to her."

On May 21, 1932, Senator Elmer Thomas addressed letter of inquiry to Harold W. Breining, Assistant Administrator, United States Veterans Administration, Washington, D. C. (Plaintiff's Exhibit 20), as follows:

"In re: McHaffie, Fred C. C-303,661.

"Will you please authorize a complete review of the files in the case of Fred D. McHaffie and advise me the present status of his claim to insurance benefits.

"I am advised that this veteran is entitled to a rating of permanent and total for insurance purposes. If this decision has not yet been reached in this case, please expedite claim so that in the event of a disagreement suit may be brought to recover such benefits as are due in this case.

"Thanking you in advance for all consideration given this claim and for your early report on the case, I am"

On May 27, 1932, Harold W. Breining, Assistant Administrator, replied to Senator Thomas (Plaintiff's Exhibit 21) as follows:

"McHaffie, Fred D. C-303,661.

"This office is pleased to acknowledge receipt of your letter of May 20, 1932, relating to claim for benefits of insurance in the above entitled case. You request to be advised the present status of the claim for insurance benefits, and that action be expedited on the claim.

"The records in this file indicate that the veteran while in service applied for and was granted war risk insurance in the amount of $10,000.00, effective August 5, 1918. He designated his wife as beneficiary of the entire amount of insurance. Effective July 17, 1919, the veteran requested a reduction in the amount of his insurance contract from $10,000.00 to $5,000.00, and named his sister, Mrs. Beulah Gambill, as beneficiary of the $5,000.-00.

"The veteran died September 22, 1919, at which time his contract of insurance was in force. An award on the $5,000.00 of insurance was approved on December 26, 1919, in favor of the sister, Mrs. Beulah Gambill, payable $28.75 per month, effective from September 23, 1919. These payments are still going forth in her favor.

"The records of the case fail to disclose that a *formal claim for further benefits of insurance was ever filed. For this purpose, there are enclosed Forms 579, Claim for Insurance-Total Permanent Disability, which should be executed in duplicate and bear all possible detail relating to the claim. Upon receipt of these forms properly executed, the case will be placed in line for consideration in its proper turn, and you will be fully advised of the decision rendered.* (Italics supplied.)

"A copy of this letter is enclosed for your use."

On June 11, 1932, Harold W. Breining, Assistant Administrator, addressed letter to Senator Elmer Thomas (Plaintiff's Exhibit 23) as follows:

"This will acknowledge receipt of your letter of June 3, 1932, with which you enclosed forms 579 to be used in connection with the application for insurance benefits made by Mrs. Beulah Gambill, sister of Fred D. McHaffie, deceased.

"*This additional evidence has been placed on file and the case will be prepared for review by the Insurance Claims Council. As soon as a decision has been rendered by the Council, you will be informed promptly.* (Italics supplied.)

"A copy of this letter is enclosed for your use."

On July 28, 1932, "Decision of Insurance Claims Council" (Plaintiff's Exhibit 24) was that Fred D. McHaffie was permanently and totally disabled from February 8, 1919, said decision being set out in detail under footnote.[7]

---

[7] "FDA CMF;pbg
"XC No. 303 661
"In Re: McHaffie, Fred D.
"Claim
"The veteran's death occurred in service, September 22, 1919. Insurance benefits were awarded to the designated beneficiary of the veteran's policy on December 26, 1919, effective as of the date following that on which the veteran died.

"It is now claimed that the veteran was, as a matter of fact, permanently and totally disabled for a considerable period in 1918, prior to the date on which he died. The veteran's death occurred at the U. S. Army General Hospital No. 20, at Whipple Barracks, Arizona, and the causes thereof were: (1) tuberculosis, pulmonary, chronic, active, all lobes, both lungs; (2) pleurisy, chronic, fibrinous,

■ The attempted reduction as to amount was ineffective. Defendant's liability had on February 8, 1919 become fixed and vested, and not subject to change except upon a valid consideration. The beneficiary, however, could be and on July 17, 1919, was changed at the option and election of the insured to his sister, Beulah Gambill.

These records, under the background, circumstances, acts and facts disclosed by the record, show that it was the purpose and intention of the insured that the beneficiary under said original policy be and was changed to his sister, Beulah Gambill, same becoming effective July 17, 1919. The insured under his own signature designated and declared his sister, Beulah Gambill, to be the beneficiary under said original policy effective July 17, 1919, which he intended to be reduced to $5,000 as of the date of August 5, 1919, and she was accordingly the designated beneficiary of the war risk insurance of Fred D. McHaffie, deceased, and of the benefits thereto at the time of his death on September 22, 1919. The right at the time of his death as to the entire $10,000 was vested in him as a matured claim by reason of his permanent and total disability, and such matured claim at the time of the attempted reduction on July 17, 1919, such reduction to be effective August 5, 1919, the date to which premium had been paid on said $10,000, but so far as the amount was to be reduced after August 5, 1919, was ineffective. The declaration as to change of beneficiary of all rights under that policy to his sister, Beulah Gambill, not only was in effect on July 17, 1919, but also continued in such effect until his death on September 22, 1919.

By virtue of the application and declaration of July 17, 1919 (Plaintiff's Exhibit 3) Lucielle Anna McHaffie Scott, intervenor herein, ceased to be a beneficiary under said war risk insurance policy after said date.

As shown by Exhibit 3, McHaffie was not permitted to take additional insurance in the sum of $5,000, on August 5, 1918 having been granted the maximum limit of $10,000.

■ There is some contention that the effect was to make his sister, Beulah Gambill, beneficiary for only $5,000, leaving half of the $10,000 insurance without a designated beneficiary, and that the personal representative of the estate—his administrator or administratrix—should recover that sum. However, the record discloses that the deceased, McHaffie, intended and designated his sister as beneficiary

both lungs. The following is the statement of the service medical treatment administered to the deceased veteran:

"Sept. 22 to Sept. 29, 1918—Fever undetermined, account short period of observation. Qrs. In line of duty.

"Feb. 8 to March 7, 1919—Tuberculosis. In line of duty. Feb. 16, 1919—Additional diagnosis; tuberculosis, pulmonary, right upper lobe. In line of duty. Base Hosp. No. 118, AEF, France.

"March 7 to March 20, 1919—Tuberculosis, pulmonary. In line of duty. U. S. S. Rijndam.

"March 20 to March 29, 1919—Tuberculosis. Hosp. In line of duty. Additional diagnosis: Feb. 16, 1919—tuberculosis pulmonary, right upper lobe. In line of duty. Embark. Hosp. Camp Stuart, Newport News, Va.

"March 30 to June 9, 1919—Tuberculosis, pulmonary, chronic, right upper lobe. Hosp. In line of duty. Revised diagnosis: May 10, 1919, tuberculosis, pulmonary, chronic, active, all lobes both lungs. In Line of duty. Gen. Hosp. No. 42, Spartanburg, S. C.

"June 7 to Sept. 22, 1919: (1) tuberculosis, pulmonary, chronic, active, entire left lung and lower lobes of right. (2) Pneumonia, lobar, upper lobes of right lung. Hosp. 1 and 2 in line of duty. Died—8:00 A. M.

"Report of death on September 23, 1919 at USGH No. 20, Whipple Bks., Arizona, show death on Sep. 22, 1919 from '1. Tuberculosis, pulmonary, chronic, active, all lobes of both lungs. 2. Pleurisy, chronic, fibrinous both lungs.' Death was in line of duty and was not the result of the deceased's own willful misconduct.

"It is apparent from the record received from the Adjutant General of the Army covering treatment of the deceased while in the service that the veteran was by reason of respiratory disease so highly disabled that between February 8, 1919, and the date of his death he was incapable of following any substantially gainful·occupation continuously.

"Decision

"It is the decision of the Insurance Claims Council that for insurance purposes the deceased veteran was permanently and totally disabled from February 8, 1919.

"C. F. McCarthy—Legal Member
"R. T. Morris—Medical Member
"H. H. Wilks, Chief—Insurance Claims Council."

of all of said insurance and benefits to begin July 17, 1919, Lucielle Anna Mc-Haffie Scott then ceasing on such date to be such beneficiary. The conclusion is reached that Beulah Gambill was sole beneficiary and entitled to all of the policy.

Beulah Gambill was not only an heir but also beneficiary. There was no disagreement ever reached as to the $5,000 of the policy here under consideration until August 13, 1934.

In United States v. Martin, 10 Cir., 80 F.2d 460, 462, the form (514 as prescribed by the Bureau) under which the affidavit was made is identical with that in the instant case[8], the affidavit being practically the same in substance, reciting that the appellee believes himself to be the beneficiary of the insurance granted Carl Martin, who died on July 29, 1931, as a result of duodenal ulcer and pneumonia, and in support of his claim to such insurance he made certain statements as to the residences of the insured for five years prior to his death, and as to his surviving relatives, with no statement as to disability prior to his death. The Bureau did not ask for a more particular statement, simply denying the claim on the ground that the insurance, lapsing subsequent to his discharge, was not in force at the time of his death.

In the opinion it is said:

"The phrase 'or which uses words showing an intention to claim insurance benefits' is in the disjunctive, is broad enough to embrace the claim made here, and we are cited to no authority narrowing the ordinary meaning of the words used. The argument that the Bureau, confronted with hundreds of claims that policies had matured by reason of total and permanent disability, did not suspect that such might be the basis for the claim here made, is not persuasive enough to warrant a strained construction of the broad language used in the 1930 amendment. The

Bureau, if in doubt, can inquire as to any other facts it may need before denial or approval of the claim."

The purpose of requiring the filing of claim as prerequisite to suit is to give notice to the government such claim being "the physical writing which furnishes the desired information and not an assertion of a legal right" (Coffey v. United States, 7 Cir., 97 F.2d 762, 764, 117 A. L.R. 940; United States v. Townsend, 4 Cir., 81 F.2d 1013; United States v. Powell, 4 Cir., 93 F.2d 788), under the policy that investigation may be made and any amount due claimant paid without being subjected to the trouble and expense of litigation. Any claim showing intention to claim insurance benefits answers the purpose.

Congress doubtless realized that many claims would be made by illiterate claimants without the advice and assistance of counsel and intended that a claim either calling attention to total and permanent disability or "showing an intention to claim insurance benefits" should be sufficient. Coffey et al. v. United States, supra; Marsh v. United States, 4 Cir., 97 F.2d 327; United States v. Townsend, supra; Curtik v. United States, D.C.Mass., 19 F.Supp. 447.

The claim as presented in said affidavit was so comprehensive as to claim everything due under the policy.

No denial prior to August 13, 1934, was ever made as to claim under all of the $10,000 policy by Beulah Gambill as beneficiary, allotment for payment to her being made on half of same.

On December 29, 1919, she was notified that "as the person named as beneficiary by Fred D. McHaffie, to whom insurance in the amount of $10,000.00 was issued * * * you are entitled to receive insurance in payments of $28.75 per month from the 23rd day of September, 1919 (the date after the death of her brother) to the 23rd day of September,

---

[8] In that opinion by the late Circuit Judge McDermott, it is stated:

"Appellee's claim for insurance benefits was upon a form prescribed by the Bureau; it is an affidavit reciting that appellee believes himself to be the beneficiary of the insurance granted Carl Martin, who died on July 29, 1931, as a result of duodenal ulcer and pneumonia; that in support of his 'claim to such insurance' he made certain statements as to

the residences of the insured for five years prior to his death, and as to his surviving relatives. No statement was made as to disability prior to his death; the Bureau did not ask for a more particular statement, but simply denied the claim on the ground that the insurance lapsed subsequent to his discharge and was not in force at the time of his death. * * *"

1939," without denial as to the other $5,-000 of the original $10,000 policy.

■ Through the routine of bureaus and intermittent exchange of letters relative thereto with said claimant, such claim continued until final denial was made on August 13, 1934. Suit was then timely brought, no bar of the statute of limitations having fallen. United States v. Powell, supra; Marsh v. United States, supra; Robinson v. United States, D.C., 12 F. Supp. 160.

The affidavit on form 514 made and filed on December 9, 1919, operated as a claim for all insurance benefits, the government paying a part and not denying claim for the other part, the claim standing open for any additional amount or benefits. It was sufficient to move the government to make an award as to a part, not entering an order of denial as to the other part.

In Marsh v. United States, supra, it is said [97 F.2d 328]:

"The amendatory act of July 3, 1930, 46 Stat. 992, 38 U.S.C.A. § 445, contained a similar provision, thus extending to July 3, 1931, the time within which suit might be brought. It also provided for *suspension of the limitation 'for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director.'*" (Italics supplied.)

With years of searching records and correspondence back and forth between the Bureau and Beulah Gambill, after August 13, 1934, the Bureau requested that she submit another claim for the other part, stating that Lucielle Anna McHaffie Scott was liable to have a claim with litigation, obviously expecting for her to be brought in so all conflicting interests, if any, might be determined. See Marsh v. United States, supra, and cases cited; United States v. Tate, 4 Cir., 99 F.2d 307.

■ The fact that Beulah Gambill had been paid benefits on one-half of the policy in no way precluded her from pressing claim for the insurance benefits on the other part. After the claim was filed, statute of limitations was suspended until final denial. Section 518, Title 38 U.S. C.A.; United States v. Andrews, 10 Cir., 43 F.2d 80; United States v. Arzner, 9 Cir., 57 F.2d 488; Id., 287 U.S. 470, 471, 53 S.Ct. 238, 77 L.Ed. 436; Herrig v. United States, 9 Cir., 53 F.2d 327; United States v. Stamey, 9 Cir., 48 F.2d 150; Sprencel v. United States, 5 Cir., 47 F.2d 501.

■ Final disagreement between the claimant and the government as to the merits of the claim was necessary before suit could be instituted, the Bureau being the instrumentality through negotiations for the allowance of such a claim. Such denial must be final, and administrative relief exhausted before action can be instituted, otherwise the statute of limitations is suspended. Harris v. United States, 4 Cir., 72 F.2d 982, 983; Berntsen v. United States, 9 Cir., 41 F.2d 663; United States v. Golden, 10 Cir., 34 F.2d 367; United States v. Rosie Bell Stand, 10 Cir., 102 F.2d 472.

In United States v. Bollman, 8 Cir., 73 F.2d 133, 135, it is said:

"So long as this order was under serious discussion in the bureau and until it finally declined to reopen the matter the order should not be deemed final for application of limitations against suit. * * So long as the bureau treats or acts in a manner which would lead the claimant reasonably to believe that it is holding the matter open, we think it would be unjust to regard it as closed by the first order. The bureau can at any time definitely terminate such proceedings by stating that it declines to reopen and that its order is final."

The judgment of the lower court is reversed and case remanded for a new trial.