## SHEPANEK v. UNITED STATES.
### No. 7801.

Circuit Court of Appeals, Seventh Circuit.

Dec. 13, 1941.

Julius C. Martin, Asst. Atty. Gen., and J. Albert Woll, U. S. Atty., and William M. Lytle, Atty., Department of Justice, both of Chicago, Ill., and Wilbur C. Pickett and Fendall Marbury, Attys., Department of Justice, both of Washington, D. C., for appellant.

Morton John Barnard and Edward H. S. Martin, both of Chicago., Ill., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment, entered June 2, 1941, in an action to recover on a War Risk Term Insurance contract. The suit was instituted on December 30, 1938, by the Administratrix of the insured's estate, and beneficiary named in the insurance contract.

An amended complaint was filed April 9, 1941, which alleged in effect that the insurance lapsed January 1, 1919, for non-payment of premiums, that the insured died December 23, 1922, that he was suffering from a compensable disability from December 1918, the time of his discharge, that he received no compensation until after the insurance lapsed, and that on the date of his death there was uncollected compensation due him sufficient to have paid the premium necessary to maintain the insurance in force.

The Government's sole defense was predicated upon the allegation in its answer to the amended complaint that the insured became totally and permanently disabled on July 10, 1921, and that on that date no uncollected compensation was due him. The court below held that the answer did not state a valid defense and entered summary judgment for the plaintiff. Thus, we have presented the legal question as to whether uncollected compensation, at the time of death, may be utilized to prevent insurance lapse under Section 305, World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 516, in face of an allegation by the Government that the deceased, during his life time, became permanently and totally disabled at a time when he had no uncollected compensation.

In American National Bank and Trust Company of Chicago, Administrator, etc. v. United States, 7 Cir., 124 F.2d 743, the question presented in the instant case was decided in an opinion filed as of this date. What we said and decided in that case is controlling here.

Judgment affirmed.