**AMERICAN NAT. BANK & TRUST CO. OF CHICAGO et al. v. UNITED STATES.**

No. 9100.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1947.

Stephen A. Cross, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and William M. Lytle, both of Chicago, Ill., J. F. Sonnett, Searcy L. Johnson, D. Nance Swann, and Thomas Walsh, Department of Justice, all of Washington, D. C., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This suit, commenced January 26, 1932, was originally predicated upon a War Risk, yearly renewal, Term Insurance Contract granted to Charles A. Marino in the amount of $10,000, while he was serving in the armed forces, and upon which no premiums were paid subsequent to May 31, 1919, the date of his discharge. The complaint, amended on numerous occasions (not necessary to describe here), finally consisted of two counts. The court below rendered judgment against the plaintiffs on each of said counts, and from such judgment plaintiffs appeal.

Inasmuch as plaintiffs seek to reverse the adverse judgment only as to count 2, we need give no consideration to count 1. The second count makes certain jurisdictional allegations designed to show that "a disagreement existed and now exists between all persons having or claiming to have an interest in said insurance and the Veterans' Administration as to their claim under said contract of war insurance." On the merits, this count alleges, so far as material to the instant appeal, that on January 14, 1932 "the duly constituted authorities of the United States Veterans' Bureau, being the Insurance Claims Council, acting for and on behalf of the Director of Insurance * * * rated him to be totally and permanently disabled as of January 28, 1928," and further alleged "that on said date, January 28, 1928, there was due him

for unpaid compensation sufficient monies to purchase a substantial amount of War Risk Insurance, and that on said date, the said Charles A. Marino was totally and permanently disabled by reason whereof the Plaintiffs allege that his insurance did not lapse, but was kept alive or revived, and was on said date in full force and effect under the provisions of Section 305 of said World War Veterans' Act, as amended, and that upon his being rated as totally and permanently disabled, his rights and rights of the Plaintiffs to the insurance, which the money due him on said date would purchase, became fixed * * *."

The defendant by way of answer to this count denies that decedent was totally and permanently disabled on January 28, 1928, but admits that on said date "there was due decedent as unpaid compensation a sum of money, which amount defendant at this time is unable to state with certainty." The defendant also by way of special defense alleged that the court was without jurisdiction to hear and determine the cause of action for the reason "that same is based on Section 305 * * * and that as to said claim there exists no disagreement such as is contemplated and required under Section 19 of the World War Veterans Act, 1924, as amended * * *."

Motion was made by plaintiffs for a summary judgment supported by an affidavit, in which motion and affidavit it was shown, as alleged in the complaint, that the Insurance Claims Council on January 14, 1932 found that the decedent had become, for insurance purposes, totally and permanently disabled on January 28, 1928. Defendant answered plaintiffs' motion and also submitted an affidavit in support of such answer, by which it was specifically denied that the decedent became totally and permanently disabled on January 28, 1928, or at any time when decedent was entitled to uncollected compensation which would otherwise revive any or all other insurance under Sec. 305. At no time or place did defendant deny that the Insurance Claims Council on January 14, 1932 found the decedent totally and permanently disabled as of January 28, 1928. Defendant, however did allege in its affidavit, in support of its answer in opposition to plaintiffs' motion for summary judgment, that the Insurance Claims Council on April 20, 1939 found as a fact that decedent "became permanently totally disabled on August 8, 1927 * * * rather than January 28, 1928."

The court denied plaintiffs' motion for summary judgment and the case went to trial. There was submitted to the jury the single fact issue as to the date when the decedent became permanently and totally disabled, and the jury fixed such date as of September 15, 1926. The case was further heard by the court upon motions for judgment of both plaintiffs and defendant. At this hearing, further evidence was heard by the court which, as we understand the record, had to do with the amount of compensation, if any, due to insured, which might be utilized for the purchase of insurance on the dates of his permanent and total disability as contended for by the respective parties.

The court made findings of facts and conclusions of law, among which were (1) the deceased insured became permanently and totally disabled on September 15, 1926 (the date found by the jury) and died February 12, 1929; (2) the deceased insured did not become permanently and totally disabled at any time when he was entitled to the payment of any compensation remaining uncollected on such date of permanent and total disability; (3) that any and all compensation which was paid to the deceased insured subsequent to June 5, 1921 and prior to August 8, 1927 was compensation which he had forfeited by reason of his failure to cooperate with the United States Veterans' Administration and to which he was therefore not entitled; and (4) that no claim for benefits of insurance alleged to have been revived under Sec. 305 was filed with the United States Veterans' Administration and that no denial of such claim had been made by the Veterans' Administration. From this latter finding the court concluded as a matter of law that it was without jurisdiction.

Plaintiffs contend that the court should have sustained their motion for summary judgment. We think we need not decide or

enter into any discussion as to this contention for the reason that the record presents and the court decided adversely to the plaintiffs the same questions which they argue should have been decided in their favor on their motion for summary judgment. In other words, we shall take the record as it existed at the time the court entered final judgment against the plaintiffs.

The main issue on this appeal, as urged by the plaintiffs, is that the decision made by the Veterans' Administration (on January 14, 1932), that the decedent became permanently and totally disabled on January 28, 1928, is binding and controlling upon the defendant as well as the court. In other words, it is urged that by this decision the rights of the parties became fixed or vested and the defendant is bound thereby.

Defendant ignores this primary issue relied upon by the plaintiffs. It is not even referred to in its brief. We think the government should have met this issue, not ignored it, even though the latter may be the easier course. The government, in support of this judgment, relies solely upon two contentions, (1) that the court was without jurisdiction, and (2) that the decedent was not entitled to uncollected compensation on September 15, 1926, the date he was found by the jury and court to be totally and permanently disabled.

The jurisdictional question may be disposed of in short order. A claim was presented to the Veterans' Administration November 9, 1931, for payment of "insurance benefits since discharge because Charles Marino has not been able since that time to follow continuously any gainful occupation." On January 14, 1932, such claim was denied, the decision of the Insurance Claims Council being as follows: "It is the decision of the Council, therefore, that the Veteran was not permanently and totally disabled for insurance purposes as alleged and that he became totally and permanently disabled for insurance purposes on January 28, 1928." Defendant cites a number of cases holding that a disagreement is a condition precedent to the exercise of jurisdiction. We need not cite or discuss such cases for the reason that the law as stated is admitted. The government further argues that because the claim as presented did not specifically state that it was predicated upon Sec. 305, there has been no disagreement as to the cause of action stated in count 2 of the complaint. Pippin v. United States, 74 App.D.C. 131, 121 F.2d 98, and Vincent v. United States, 64 App.D.C. 178, 76 F.2d 428, are cited and quoted in support of this agreement. Neither of those cases, however, discuss or decide any jurisdictional question and are not in point except perhaps by remote analogy. On the other hand, it has been held under circumstances quite similar to the instant case that the jurisdictional disagreement was sufficiently shown. United States v. Townsend et al., 4 Cir., 81 F.2d 1013; Coffey v. United States, 7 Cir., 97 F.2d 762; Gambill v. United States, 10 Cir., 102 F.2d 667, 675. It is our view that the claim for "insurance benefits" was sufficiently broad to include all benefits to which the decedent or his representatives might be entitled, and that a denial thereof constituted the necessary statutory disagreement.

There is no occasion to consider the only other defense urged by the government, that is, that there was no uncollected compensation due the decedent on February 15, 1926, until we consider and dispose of plaintiffs' contention that the defendant is precluded from relying upon any date other than that originally determined by it, that is, January 28, 1928.

As already shown, the Insurance Claims Council on January 14, 1932 decided that the decedent "became totally and permanently disabled for insurance purposes on January 28, 1928." Following this, claimant was notified of such decision by a letter dated January 22, 1932. The question thus posed is whether the rights of the parties were fixed by this decision. As already noted, the defendant ignores this issue.

Sec. 305 provides: "Where any person has heretofore allowed his insurance to lapse, * * * while suffering from a compensable disability for which compensation was not collected and dies or has

died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation * * * would purchase if applied as premiums when due, shall not be considered as lapsed, canceled, or reduced * * *."

The section proceeds to direct the Veterans' Administration to determine the amount of said insurance and pay it to certain designated next of kin.

In seeking the answer to the question under discussion we think it is pertinent to contrast Sec. 305 with Sec. 304. Title 38 U.S.C.A. §§ 515 and 516. This latter section makes provision for the reinstatement of a lapsed policy under the conditions therein enumerated. One of such conditions is "that the applicant during his lifetime submits proof satisfactory to the Administrator of Veterans' Affairs showing that he is not totally and permanently disabled." Under this section the burden is upon the applicant to show a compliance with its requirements. In contrast, no affirmative action is required by the veteran under Sec. 305. This contrast is aptly shown in United States v. McClure, 305 U. S. 472, 476, 59 S.Ct. 335, 338, 83 L.Ed. 296, wherein the court stated: "Reinstatement under section 304, however, required action by the veteran. He was required to submit application, to comply with statutory and administrative regulations, and to pay back premiums. But action by the veteran was not required to revive a lapsed policy under Section 305. His rights did not depend upon application, proof, compliance with regulations or payment. Because his policy had lapsed while the government owed him money for service connected disability which had become total and permanent, his lapsed policy was automatically revived."

The Supreme Court, so far as we are aware, has not decided the effect to be given a finding by the Veterans' Administration of total and permanent disability under Sec. 305. It has, however, in Meadows v. United States, 281 U.S. 271, 50 S. Ct. 279, 280, 74 L.Ed. 852, 73 A.L.R. 310, decided that such a finding is final and

conclusive under Sec. 304. In that case, a veteran made application for the reinstatement of a lapsed insurance policy under said section. As noted by the court, the veteran was required to show among other things "That he is not permanently and totally disabled." The court stated 281 U.S. at page 273, 50 S.Ct. at page 280, 74 L.Ed. 852, 73 A.L.R. 310: "The director denied the application on the ground that the applicant, at the time of making it, was totally and permanently disabled. The trial court held the contrary. The evidence upon which the director acted was not before the court, but the case was decided upon original evidence introduced upon the trial. The question was purely one of fact, which the director was authorized to determine * * *."

It was held that the trial court erred in permitting the veteran to take issue with the finding of the Veterans' Administration and to submit proof in support of such issue. In other words, the court held that the finding of the Veterans' Administration was final and conclusive, and that the rights of the veteran and the government were determined thereby.

█ If the finding of the Veterans' Administration is final and conclusive against a veteran under a provision (Sec. 304) which places the burden upon him to bring himself within its terms and conditions, as was held in the Meadows case, we see no reason why such a finding favorable to the veteran should not be treated likewise under a provision (Sec. 305) which makes reinstatement automatic when the statutory contingency exists.

We suppose there is no question but that the Veterans' Administration is authorized to make a finding of total and permanent disability; in fact, so far as we are aware, no other agency of government has been clothed with such authority. When such a determination has been made it appears certain that the lapsed policy is automatically revived, providing, of course, the other required conditions exist. Having been thus revived, a contrary decision by the Veterans' Administration or a court, or a subsequent decision fixing the date of permanent and total disability at a time when no compensation was due, would re

sult in an impairment if not destruction of the rights theretofore brought into existence by operation of law.

This court in three different cases has considered and decided adversely to the government's contention a somewhat similar question. Florian v. United States, 7 Cir., 114 F.2d 990, reversed by the Supreme Court on jurisdictional grounds 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105; American National Bank & Trust Co. v. United States, 7 Cir., 124 F.2d 743, certiorari denied 316 U.S. 674, 62 S.Ct. 1042, 86 L.Ed. 1748; and Shepanek v. United States, 7 Cir., 124 F.2d 747, certiorari denied 316 U.S. 674, 62 S.Ct. 1042, 86 L.Ed. 1749. These cases all involved similar facts, presented substantially the same legal problem, and need not be discussed in detail. It is sufficient to observe that in each case the veteran died at a time when there was due and owing him disability compensation, and that there had been no previous finding of permanent and total disability. The government in each case invoked the defense that the veteran became totally and permanently disabled at a time when there was no compensation due, and as a result no insurance was revived. This court held that such a defense could not be made, that the rights of the parties became fixed and vested at the death of the veteran, and that such rights could not be impaired by a finding of the Veterans' Administration subsequent to the happening of such event, and neither could it be relied upon as a defense in court. We think the same reasoning should be applied where, as in the instant case, the Veterans' Administration made an affirmative finding of the existence of an event which automatically revived a lapsed policy. A similar holding is Gambill v. United States, 10 Cir., 102 F.2d 667, wherein the government after the veteran's death made a finding of total and permanent disability as of a date which would reduce the amount of compensation due and thereby the amount of insurance. As to this, the court stated, 102 F.2d at page 674: "The attempted reduction as to amount was ineffective. Defendant's liability had * * * become fixed and vested, and not subject to change except upon a valid consideration."

In the instant case, the government by its decision said to the plaintiffs, in effect, that their decedent became totally and permanently disabled January 28, 1928. Plaintiffs by alleging in their complaint the date of permanent and total disability, as found by the Veterans' Administration, said to the government in effect, that they accepted the decision as to the date of total and permanent disability, and demanded that the rights of the parties be determined on such basis. When confronted with this situation, however, the Veterans' Administration shifted its position and on April 20, 1939, some seven years after its original decision as to the time of total and permanent disability and more than ten years after the insured's death, repudiated its previous decision and found that total and permanent disability occurred on August 8, 1927. We find nothing in the record to indicate that the Veterans' Administration possessed any more or better evidence or information as to when the decedent became totally and permanently disabled on April 20, 1939 than it had on January 14, 1932, when it made its original decision. It is, however, highly significant, and if a mere coincidence a remarkable one, that the Veterans' Administration in 1939 determined the exact date on which the veteran had no compensation due him. The uncanny ability thus displayed raises a strong suspicion that August 8, 1927 was fixed for the purpose of defending a law suit. The incongruous result thus achieved supports our reasoning and belief that the government should be bound by the original decision of the Veterans' Administration as to total and permanent disability.

We therefore conclude that there was no issue of fact in the lower court as to the date of decedent's total and permanent disability, and the court should have decided as a matter of law that it occurred on January 28, 1928, as originally decided by the Veterans' Administration. It follows that the only issue of fact involved was the amount of compensation, if any, due the decedent on such date and the amount of insurance which such compensation would purchase. No such determination or finding was made. Thus defendant's contention in this court, based upon the finding of the court

below that no compensation was due on September 15, 1926 (the date of total and permanent disability as found by the jury), becomes immaterial.

The defendant also contends that the insured was not entitled to compensation for the period from July 19, 1924 to October 29, 1926 "because he had failed to report for a physical examination when requested to do so and had failed to cooperate" as was required by Sec. 203 of the World War Veterans' Act, as amended, 38 U.S.C. A. § 492. As we understand, this contention also becomes immaterial when the rights of the parties are determined as of January 28, 1928 rather than September 15, 1926.

It is interesting in this connection to note, however, that even though compensation was paid the decedent for the period referred to, the Veterans' Administration, although at all times aware of the situation, took no action and made no finding that the veteran was not entitled to compensation for the reason now asserted, until August 23, 1940, when, after reviewing the record, it decided that because of the veteran's "failure to cooperate" the compensation for such period had been improperly awarded and paid. This has all the earmarks of another move conceived expressly for the purpose of a law suit. We need not decide, however, the legal effect of thus extinguishing this award after it had been recognized by the Veterans' Administration for at least sixteen years because, as we view the situation, it is immaterial to the rights of the parties when determined as of January 28, 1928.

Some question is raised, by reason of the restricted class of beneficiaries designated under Sec. 305, as to who is entitled to recover any insurance which may be found to be owing. In view of its judgment against the plaintiffs, the court below had no occasion to consider this matter and we think we need not do so.

The judgment against the plaintiffs as to count 1 of the complaint is affirmed. As to count 2, it is reversed and remanded, with directions to the court below to consider and determine the rights of the parties as of January 28, 1928.